ANNA PREVOT, Respondent, *v.* ALEXANDER C. LAWRENCE, Appellant.

Where a married woman leases lands, whether for money paid from her separate estate or upon credit, to the extent of her interest therein, the lands become her separate estate, and she can let them or enter into any contract in reference to them the same as if she were a *feme sole*.

A lessee who by virtue of the letting remains in possession during the term, and who is not disturbed in any manner therein, is estopped from denying the lessor's title, although he did not obtain possession originally from such lessor.

In order to claim the benefit of this estoppel in a suit for the rent, it is not necessary to allege in the complaint that the lessee occupied under the lease. It is sufficient to set out the lease, and if the lessee answers denying the title, it is conclusively established by showing use and occupation.

(Argued May 21, 1872; decided September term, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial district, affirming a judgment in favor of plaintiff, entered upon the decision of the court upon trial at circuit without a jury.

This action was brought upon a guaranty in writing of the lessee's covenants in a lease. The facts sufficiently appear in the opinion.

*Joshua M. Van Cott* for the appellant. A sealed demise by a married woman of premises not belonging to her separate estate is void, and neither lessor nor tenant is estopped. (*Watkins* v. *Abrahams*, 24 N. Y., 72; *Yale* v. *Dederer*, 22 id.; *S. C.*, 18 id., 265; *Erwin* v. *Downs*, 15 id., 575; *Burder*

v. *White*, 2 Bosw., 92; *Morgan* v. *Andriot*, 2 Hilt., 431; *Darley* v. *Callaghan*, 16 N. Y., 71; *Vincent* v. *Buhler*, 1 Daly, 165; 2 Coleridge's Bl. C., 309; Smith's Landl. and Ten., 48; Taylor's Landl. and Ten., 90.) An implied covenant for quiet enjoyment is the ground of the estoppel. (*Vernam* v. *Smith*, 15 N. Y., 327, and cases there cited; *Maybie* v. *Mayor, etc.*, 3 Kern., 151.) Mutuality is indispensable to an estoppel. (Tayl. L. and Ten., § 90; *Welland Canal Co.* v. *Hathaway*, 8 Wend., 480, 484.) The judgment cannot be supported on the ground of use and occupation. (25 N. Y., 268; 19 id., 39; 16 id., 301; 6 Bosw., 154; id., 307; 1 R. S., 748, § 26; 11 Geo. II, chap. 19, § 14; 2 R. S., 406, § 77; *Case* v. *Boughton*, 11 Wend., 106.)

*Morris S. Miller* for the respondent. Plaintiff could take from any person other than her husband the lease or any interest in the property, the same as if she were unmarried. (Laws 1848, p. 308, chap. 200, § 3; Laws 1849, chap. 375, § 1; *Tali* v. *Deaner*, 18 N. Y., 271; *Knapp* v. *Smith*, 27 id., 277; *Draver* v. *Simmonds*, 35 id., 512; *Vandervoort* v. *Gould*, 36 id., 639; *Sherman* v. *Elder*, 24 id., 385.) No one but the lessor and those claiming under him could question plaintiff's right to possession. (*Darley* v. *Callaghan*, 16 N. Y., 71.) Plaintiff's lessee is estopped from questioning her title. (*Vernam* v. *Smith*, 15 N. Y., 327; *Stone* v. *Wise*, 7 Conn., 214; *Cooke* v. *Loxley*, 5 T. R., 4.) Defendant, who is a guarantor, cannot be permitted to show the original contract or lease could not be enforced. (*McLaughlin* v. *McGovern*, 34 Barb., 208.)

EARL, C. The complaint alleges that the plaintiff " did, on or about the fourth day of March, 1857, by an instrument of lease, partly printed and partly written, bearing date on that day, let unto Alice Morgan, and said Alice Morgan did hire of the plaintiff, certain portions of a house," etc., for the term of one year; that the defendant, by an instrument in writing, guaranteed the payment of the rent, and that Alice Morgan made default in the payment of the rent.

The answer does not deny any of the allegations of the complaint, but alleges that the plaintiff, at the date of the lease, was a married woman; that the premises leased were not her separate estate; and that the lease was, therefore, void and of no effect.

On the trial the plaintiff introduced a lease in writing, drawn to be executed by both parties, but signed and sealed by the lessee alone. As it is alleged in the complaint, and not denied in the answer, that the premises were let as well as hired by an instrument in writing, we must infer that the lease was executed in duplicate; and that while the paper introduced in evidence was the one executed by the lessee, the one executed by the lessor was in the possession of the lessee. In such case, both papers must be treated as a single instrument, and must have the same legal effect as if each was signed by both parties at the same time.

It is true that the plaintiff was a married woman at the date of the lease. But she could, notwithstanding her coverture, hire and let lands. If she hired any lands, whether she did it for money paid from her separate estate or upon credit, the lands, to the extent of her interest therein, became her separate estate; and she could let them, and enter into any contract in reference to them as fully and effectually as if she were a *feme sole*. (*Knapp* v. *Smith*, 27 N. Y., 277; *Draper* v. *Stouvenal*, 35 id., 512; *Vandevoort* v. *Gould*, 36 id., 639.)

In this case plaintiff's husband hired the premises of one Bostwick for three years from the 1st day of May, 1855, and sub-let them to Alice Morgan for thirteen months from the 15th day of March, 1856. Some months before the expiration of this sub-lease plaintiff's husband separated from her and left the premises, she having commenced against him an action for divorce. She paid the rent to Bostwick. Before he left he assigned the lease from Bostwick to one Worley as collateral security for the payment of seven promissory notes. These notes were subsequently paid; and after they were paid Worley assigned the lease to the plaintiff. It does not

appear who paid the notes. Before plaintiff let the premises to Alice Morgan she hired the premises of Bostwick for the same term of one year.

It is not entirely clear upon these facts that the plaintiff did not have the right to let the premises for the term of one year. This case was tried in 1864, six years after the term of Alice Morgan had expired; and there is no allegation nor proof that the husband of the plaintiff disturbed the tenant in the possession of the premises, or at any time made any claim against her for the rent. It is therefore not an unreasonable inference that Worley assigned the lease from Bostwick to the plaintiff by the consent of her husband, or that she paid the notes and took the lease from Worley, thus acquiring the same interest therein that he had; or that plaintiff's husband entirely abandoned the premises, so that Bostwick had the right to resume possession and let them to the plaintiff. This was substantially the view taken at the General Term. But there is a more satisfactory ground upon which to sustain the recovery of the plaintiff. The lessee took these premises under a written lease, and possessed them during the entire term; she is therefore estopped from denying the lessor's title. This suit was commenced while the lessee was in possession of the demised premises, and the defence set up is not that the lessee had been evicted or disturbed in any way in the possession, nor that any one but the plaintiff claimed any title to the premises during the term, but simply that the plaintiff had no title, and therefore no right to let. That such a defence cannot prevail has never been doubted. (*Bank of Utica* v. *Mersereau*, 3 Barb. Ch., 528; *Sharpe* v. *Kelley*, 5 Denio, 431; *Vernam* v. *Smith*, 15 N. Y., 328.)

And it can make no difference that the tenant did not obtain the possession of the plaintiff. She was in possession, and, by virtue of the letting, remained in possession during the term. In *Hall* v. *Butler* (10 Ad. & El., 203), N., having no title to certain premises, let them by parol, and the tenant went into possession and paid some rent. Afterward another

claimant, B., demanded the rent, and N., being satisfied with B.'s title, informed his tenant, in B.'s presence, that he had given up the premises to B., who was now the landlord, and that thenceforth the rent was to be paid to B.  The tenant acquiesced and paid B. part of the rent.  It was held that this tenant could not dispute B.'s title.  In *Doe* v. *Wiggins* (4 Ad. & El. [N. S.], 367), after the tenant had taken possession, and before the expiration of the term the landlord died. Then the devisee of the landlord let the same premises to the tenant, and it was held, in ejectment against the tenant by the devisee, that he could not offer evidence that the devise was void, and that he was estopped from disputing the title of the devisee.

It matters not that the complaint contained no allegation that the tenant occupied the premises under the lease.  The contract with the tenant is set out, and the estoppel is brought in by showing that the tenant occupied the premises under the lease.

A landlord sues for rent, declaring upon the lease, without alleging use and occupation.  The tenant answers, denying the landlord's title.  Cannot the landlord conclusively establish his title by showing use and occupation by the tenant? In other words, in answer to the denial of his title, can he not show that the tenant is estopped from denying his title? This the landlord can do, not for the purpose of recovering for use and occupation merely, but for the purpose of sustaining his right to recover upon the contract declared on.

Without noticing other suggestions of the learned counsel for the appellant, these views are sufficient to show that the judgment should be affirmed with costs.

GRAY, C.  The evidence given on the trial not only warranted the conclusion that the plaintiff held the premises leased of her by Miss Morgan under a parol agreement with Bostwick, to whom she, independent of her husband, paid the rent, but that her husband, by not objecting, acquiesced in her holding them under the assignment of the lease by Worley;

·and this justified the finding that, so far as the right to rent the premises from May 1st, 1857, to May 1st, 1858, she was the legal owner of them, and that Miss Morgan, having recognized her as the owner, and occupied the premises under a lease from her for that period, was, as a necessary result, bound to pay the rent therefor.

The judgment should be affirmed.

All concur.

Judgment affirmed.