ELEANOR J. WESTERVELT, Appellant, v. JOHN T. ACKLEY, Respondent.

*It seems*, that a married woman is liable for the rent of premises leased to her.

In an action brought by plaintiff to have a deed declared a mortgage and for leave to redeem, defendant denied the allegations of the complaint and set up as a counter-claim a lease of the premises by him to plaintiff and non-payment of rent reserved.   Plaintiff replied denying the lease.   Upon appeal plaintiff's counsel claimed that she was a married woman, and so not liable.   *Held*, that the objection was untenable: 1st. Because plaintiff did not set it up in her reply; 2d. It was not raised upon the trial; 3d. She was liable therefor, although a married woman.

(Submitted June 22, 1875; decided September 21, 1875.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, affirming a judgment in favor of defendant entered upon a decision of the court at Special Term. (Reported below, 2 Hun, 258; 4 T. & C., 444.)

This action was brought to have a deed of certain premises in the city of New York, executed by plaintiff and Cornelius Westervelt, her husband, to defendant, declared a mortgage and for leave to redeem. The answer admitted the conveyance and alleged that it was intended to be, and was, an absolute conveyance, and as a counter-claim set up a lease of the premises in question by defendant to plaintiff, a non-payment of rent reserved, and asked judgment for the amount. Plaintiff replied denying the allegations of the complaint constituting a counter-claim.

The court found that the deed was delivered in completion of an absolute sale; that defendant leased the premises to plaintiff, as set forth in his answer, and directed judgment for the amount of rent unpaid, which was entered accordingly.

*Edwards Pierrepont* for the appellant. It was error to find Mrs. Westervelt liable for rent. (*Draper* v. *Stouvenell*, 35 N. Y., 507.)

*A. J. Vanderpoel* for the respondent. Plaintiff having agreed to pay the rent defendant was entitled to judgment against her for the amount due. (*Frecking* v. *Rolland*, 53 N. Y., 422; *Prevedo* v. *Lawrence*, 51 id., 219, 221; *Bodine* v. *Kileen*, 53 id., 93; *Corn Ex. Bk.* v. *Babcock*, 42 id., 632; *Maxon* v. *Scott*, 55 id., 247.)

MILLER, J. The question whether the deed executed by the plaintiff and her husband, and delivered to the defendant, was intended as a mortgage, was a question of fact, in regard to which the testimony was conflicting. The case is not one where the undisputed facts are of a character which stamp the transaction on its face, so that oral testimony may be disregarded entirely; and in view of all the circumstances

it cannot fairly be claimed that there was such a preponderance of evidence in favor of the plaintiff as demanded a reversal of the decision in this respect, or that the finding of the court upon this branch of the case was without evidence to support it. The testimony bearing upon the question is fully and elaborately discussed in the opinion of the General Term, and sufficient grounds are there stated for upholding the decision of the trial court.

The liability of the plaintiff to the defendant for the rent of the premises under a demise made between them was also a question of fact. The defendant and his wife testified to the agreement and to the payment of rent. The plaintiff denies that there was any such agreement or any rent paid. The defendant, upon his cross-examination, testifies that in his answer he swore that he leased the premises to the plaintiff, and that in the affidavit in proceedings instituted to dispossess the parties he swore that he leased the premises to Cornelius Westervelt, and that both these affidavits are true. Here is an apparent and clear contradiction which is not explained; and if there was no other evidence that the premises were leased, there would be good ground for claiming that no devise was established. But, as we have seen, the defendant's wife testifies to the hiring and the payment of rent; and although the plaintiff contradicts her evidence, as was said in the opinion of the General Term, the proof left this portion of the case in a position which the court could decide either way without violating any principle of law applicable to the case.

The objection that the plaintiff was a married woman and therefore not liable upon the demise, if any was made, is answered: First. By the fact that the plaintiff did not allege, in her reply to the defendant's answer, that she was a married woman, and resist the defendant's demand upon that ground. Second. Evidence was given upon the trial, without objection, to show that a demise existed, and to contradict that fact. The existence of the agreement alone was controverted, and no such defence was interposed or objec-

tion taken, that the plaintiff being a married woman was not liable. This was the only issue raised by the counter-claim and the reply, and that question alone was litigated. The defendant might, if the point had been taken, have given additional evidence to show plaintiff's separate liability, notwithstanding her coverture; and as the case was tried is precluded from now urging any such objection, if it is at all available. Third. Conceding that the question is in the case, however, as the leasehold estate was acquired by the plaintiff separately, there is no sufficient reason why it should not be considered as her separate property, and she be made liable for the amount of rent agreed upon. (See *Prevot* v. *Lawrence*, 51 N. Y., 219, 221; *Frecking* v. *Rolland*, 53 id., 422; *Maxon* v. *Scott*, 55 id., 247.)

The question whether a counter-claim for the rent was lawfully presented was not raised upon the trial, and should have been presented by demurrer or by an objection at the trial. (*Collins* v. *Suau*, 7 Robt., 94.) It cannot, therefore, be now considered.

The judgment of the General Term should be affirmed.

All concur.

Judgment affirmed.