William Herrington, Respondent, *v.* Ebenezer Robertson, Executor, etc., et al., Appellants.

The promise of a married woman is valid when it is given as a part of a transaction, the purpose and end of which is to create for her a separate estate.

Where, therefore, the father of a married woman advanced $4,000 toward the purchase of a farm for her, upon her promise that the same should be repaid, in case of her death during an approaching confinement, *held,* that the promise was valid; and the event provided for having happened, that her separate estate was liable, and performance could be enforced against it.

This action was brought against the executor of the deceased daughter to recover the advance, and against her husband, to whom she had devised the farm, the complaint asking that the advance should be charged as an equitable lien upon the farm. There was no demand by defendants for a jury trial. The complaint was dismissed as to the husband, and judgment for the amount of the advance was rendered against the executor. *Held,* no error; that as the complaint presented a case of equitable cognizance, the court obtained jurisdiction, and could, although the plaintiff failed to establish his right to a lien, give judgment for breach of the promise, payable out of the property of the testator in due course of administration.

The complaint was dismissed as to the husband, without costs. On appeal by him from that portion of the judgment denying costs, the General Term affirmed the judgment charging him with costs. *Held,* that costs were in the discretion of the court below, and its decision was not reviewable here.

(Argued November 15, 1877; decided November 27, 1877.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of plaintiff, entered upon a decision of the court, on trial without a jury. (Reported below, 7 Hun, 568.)

This action was brought against defendant Robertson as executor of the will of Martha Becker, deceased, to recover upon an alleged promise to repay an advancement, made by plaintiff to said Martha Becker, and to charge the same upon real estate devised by her to her husband, the defendant Becker.

The plaintiff advanced to said Martha Becker, deceased, his daughter, the sum of $4,000, by the assignment and transfer of a bond and mortgage of that amount, upon an agreement assented to by defendant Becker, that it should be repaid in case of the death of the said Martha during her confinement, then near at hand. The advance was made for the purpose of, and the sum so advanced was paid towards, the purchase of a farm, the title of which was at first taken in the name of defendant Becker. Afterwards, and by the plaintiff's request, the title to said farm was conveyed to Martha, subject to a mortgage of $2,000, which her husband had given thereon for the balance of the purchase-money. About a month thereafter Martha died, leaving no child surviving her, but leaving a will whereby all her property was devised and given to her husband, and Robertson named as executor.

The court directed a dismissal of the complaint, without costs as to defendant Becker, and directed judgment against defendant Robertson as executor for the amount of the advance with interest. Both defendants appealed; the defendant Becker from that portion of the judgment denying him costs. The judgment was affirmed by the General Term, with costs against appellants personally.

*James Gibson*, for appellants. The loan having been made to defendants' testatrix personally, and not for the

benefit of her separate estate, but for the benefit of another, her estate was not liable. (*Draper* v. *Sturdevant*, 35 N. Y., 512; *Yale* v. *Dederer*, 18 id., 265; 22 id., 450; 6 Hill, 242; 3 Story's Eq. Jur., §§ 1399, 1401; 22 Wend., 256; 1 Pars. on Con., 206, 359–362; *Wotkyns* v. *Abrams*, 14 How. Pr., 191; 47 Barb., 155; *Nat'l Bk.* v. *G.*, 36 How., Pr., 362; *Kelse* v. *Tuber*, 52 Barb., 125; *Lenox* v. *Eldred*, 65 id., 410.)

*Boies & Thomas*, for respondent. The fact that defendants' testatrix was a married woman, not having been pleaded, was not available as a defense. (*Westervelt* v. *Ackley*, 62 N. Y., 502.) She had power to incur the obligation in suit. (*Frecking* v. *Rolland*, 53 N. Y.; 425; *Owen* v. *Griffin*, 2 Hun, 670.)

FOLGER, J. This is an action for a recovery by the plaintiff of a sum of money advanced by him to his daughter, on her promise that it should be repaid in an event not unlikely to happen. There is no doubt, from the proofs, and from the finding by the jury, and by the learned trial justice, of the promise made and of the advance upon the strength thereof. The daughter was, at the time, a married woman; but her promise was not invalid for that reason. As soon as the advance should have been made to her, the money would be her separate estate. The promise of a married woman is valid, when her separate estate is properly pledged for the performance of it; or when the transaction is for the benefit of her separate estate. It is also valid, when it is given as a part of a transaction, the purpose and end of which is to create for her a separate estate. (*Westervelt* v. *Ackley*, 62 N. Y., 505; *Frecking* v. *Rolland*, 53 N. Y., 422.) The latter was the case here. The plaintiff assigned the bond and mortgage; they became a part of the consideration or purchase-money of a farm; she received a deed thereof; the farm became her separate estate; it so resulted from the advance made to her by the plaintiff. That advance was

made upon her promise to repay on the happening of an event named. The promise procured for her the separate estate. The event having happened which made her promise operative, and brought around the time for the performance of it, her separate estate is liable, and performance may be enforced against it.

This disposes of the main question in dispute. There are some minor ones raised upon the appellants' points.

It is urged, that as this was an equitable suit, brought in one branch of it, to establish a lien upon the farm for the amount advanced; and as it failed in that particular, it should have been dismissed against the executor defendant as well as the other defendant. But the complaint was so framed as to present a case for equitable cognizance. Thus the court, on its equity side, got jurisdiction of the subject-matter and of the parties. There was no demand at any stage of the case, by the defendants, that a jury should pass upon the case. The court could, then, though the plaintiff failed to establish his right to a lien, inasmuch as he made out a promise of the testator broken, give him judgment for his damages therefor, payable out of the property of the testator in a due course of administration. (*Phillips* v. *Thompson*, 1 J. C. R., 131; *Marquat* v. *Marquat*, 12 N. Y., 336.) The appellants insist that no other way for the payment of the advance can be adjudged, than that prescribed by the Revised Statutes for the adjustment and settlement of the estates of deceased persons. They concede, however, that, if a claim is refused and rejected by the executor, it must be established by legal proceedings. These proceedings cannot be had in the Surrogate's Court. It cannot turn aside from its work of settling the accounts of executors and administrators, to entertain and determine a litigation over such a claim. (*Stilwell* v. *Carpenter*, 59 N. Y., 414; S. C. on reargument, 62 id., 639.) It is insisted, too, that if ever there was an advance and a liability therefor, they were merged in a subsequent arrangement, and that there was an accord and satisfaction. There is no finding on which a

judgment for that reason could have been based. There was a request to find to that effect, which the trial court refused. We think that it was right to do so. There was testimony that the plaintiff sought a transfer of the title of the farm from Becker to his wife, on the ground that the family of the plaintiff were dissatisfied that the title was in Becker. This transfer was made. The plaintiff then expressed himself that it would save all further trouble, and give general satisfaction, and that he was satisfied; that he would say no more about it; it would be all right. This plainly referred to the state of the title to the farm, and not to the claim of the plaintiff against his daughter. It was not the existence of that which had caused trouble. Becker and his wife both agreed or assented to the repayment to the plaintiff. The satisfaction and gratification expressed was at the end of the trouble, which was created alone by Becker having the ownership of the farm.

It is claimed that, though the complaint, as against Becker, was dismissed, it was error not to have done so with costs to him. This was a suit in equity. In such case, costs are in the discretion of whatever court passes upon the question of costs. With the discretion in that regard exercised by the trial court, this appellate court cannot, as a general rule, interfere. Becker saw fit to appeal to the General Term, because costs were not given to him. That court mulcted him in the costs of the appeal. There is no error. It also had a discretion over costs.

The judgment appealed from should be affirmed.

All concur.

Judgment affirmed.