ADELIA K. BROOME, RESPONDENT, *v.* HELEN F. TAYLOR AND JAMES T. TAYLOR, APPELLANTS.

*Action upon bond given by married woman — complaint in — what allegation it must contain.*

In an action against a married woman and her husband upon a bond executed by them, it is sufficient if the complaint allege the execution, and delivery thereof by the defendants to the plaintiff, and set forth a copy of the bond. It is not necessary that it should contain any allegation as to her separate property or business.

APPEAL from a judgment in favor of the plaintiff, entered upon an order overruling a demurrer to the complaint.

*Samuel J. Crooks*, for the appellants.

*M. P. Mason* and *Geo. C. Blanke*, for the respondent.

GILBERT, J.:

The complaint sets forth that defendants made and delivered to plaintiff, their bond, a copy of which is set out in full, alleges there was due plaintiff thereon, from the defendants, $10,000 and interest, and demands judgment for that sum.

The bond purports to have been made by Helen F. Taylor and James T. Taylor, her husband, to the plaintiff.

The defendants separately demurred to the complaint, on the ground that said complaint did not state facts sufficient to constitute a cause of action.

On plaintiff's motion at Special Term, an order was made that the demurrer be overruled as frivolous, and plaintiff have judgment thereon with costs.

From this order an appeal was taken to the General Term, where the order was affirmed, and an appeal was then taken to the Court of Appeals, which appeal was dismissed and final judgment was entered in favor of plaintiff on the 13th day of June, 1877, for the amount claimed with costs, $11,129.06. A motion by defendant for leave to answer over was denied at Special Term and at General Term, and the Court of Appeals dismissed defendant's appeal from the order denying said motion.

The present appeal is from the final judgment entered against defendants, June 13th, 1877, upon the order granting judgment on account of the frivolousness of the demurrers. This court has already passed upon the precise question in this case by the order overruling the demurrers. That order is *res adjudicata*. (9 Hun, 155; *Bouchaud* v. *Dias*, 3 Denio, 238.) Upon a re-examination of the subject, we think the judgment is clearly right. The act of 1860, as amended by the act of 1862, provides that "any married woman may, while married, sue and be sued in all matters having relation to her sole and separate property, in the same manner as if she were sole." "A married woman may be sued in any of the courts of this State, and whenever a judgment shall be recovered against a married woman, the same may be enforced by execution against her sole and separate estate, in the same manner as if she were sole." (3 R. S. [6th ed.], 161, §§ 84 and 86.)

It is not necessary that a complaint against a married woman upon her bond, should contain special allegations in regard to her separate property or business, but it is sufficient to give a copy of the bond. (Code of Proc., § 162; New Code, § 534.) This court recently decided at General Term, in the third department, that "since the statutes of 1860 and 1862, the special facts establishing the liability of a married woman need not be alleged in the complaint." (*Willsey* v. *Hutchins*, 10 Hun, 502.) And in *Frecking* v. *Holland* (53 N. Y., 422), ANDREWS, J., delivering the opinion of the Court of Appeals, said, "We are of opinion that a general complaint in an action upon a contract of a married woman is proper. * * * If the contract sued upon is one she is not authorized to make, the objection should be

taken by answer and raised upon the trial." In *Smith* v. *Dunning* (61 N. Y., 249), the Commission of Appeals in an action against a married woman, held that "it was wholly unnecessary to allude in the complaint in any way to her coverture or separate estate. Her coverture was matter of defense to be set up if available, and the judgment against her is properly the same in form and effect as if she were unmarried." In *Westervelt* v. *Ackley* (62 N. Y., 507), a counter-claim against the plaintiff, was sustained, the court holding that she should have alleged in her reply that she was a married woman, and have resisted the defendant's demand on that ground, for if the point had been taken additional evidence might have been given by defendants to show plaintiff's separate liability, notwithstanding the coverture.

We have been referred to the opinion of ALLEN, J., in the case of *Nash* v. *Mitchell*, recently decided in the Court of Appeals, in which it was held that the onus was upon him who asserts the validity of a contract with a married woman to prove it. The question in that case related to the sufficiency of the evidence given upon the trial. That is quite a different question from that presented here, which involves merely the sufficiency of the complaint. The latter question is answered by the statutes and authorities cited. A married woman may be sued in the same manner as if she were sole.

The judgment must be affirmed.

Present — GILBERT and DYKMAN, JJ.; BARNARD, P. J., not sitting.

Judgment affirmed, with costs.