ANDREW L. BUSH AND WILLIAM B. HALSTED, EXECUTORS AND TRUSTEES, ETC., OF NEWBERRY D. HALSTED, DECEASED, RESPONDENTS, *v.* ELIZA JANE BABBITT, APPELLANT.

*Married woman — liability of, for rent of premises leased by her.*

The defendant, a married woman, leased of the plaintiff at a stipulated rent, and occupied under such lease, certain premises in Rye for one year. In an action brought to recover a balance of such rent unpaid, the defendant set up her coverture as a defense:

*Held,* that the defendant was authorized by chapter 90 of the Laws of 1860, as amended by chapter 172 of the Laws of 1862, to make such a contract of lease, and that the plaintiff was entitled to judgment for the balance of the rent unpaid.

APPEAL from a judgment in favor of the plaintiffs in an action tried before the court without a jury. The action was brought to recover a balance of rent alleged to be due from the defendant under a lease of certain premises in Rye, Westchester county, at the rent of $250 a year. The defendant answered alleging that she was a married women living with her husband at Rye.

*Peter Van Antwerp,* for the appellant.

*J. Adriance Bush,* for the respondents.

GILBERT, J.:

The defendant, a married woman, leased certain premises in Rye for the term of one year from April, 1875, at the yearly rent of $250, and occupied the premises during the entire term. She now sets up her coverture as a defense to the plaintiff's claim for a balance of the rent which accrued pursuant to the lease.

We have no doubt that she is liable. By chapter 90 of the Laws of 1860, as amended by chapter 172 of the Laws of 1862, the powers conferred upon married women, and the obligations which they are authorized to incur, have been enlarged. They may acquire property by purchase as well as by devise, bequest, gift or descent; and they may, while married, sue and be sued in all matters having relation to the same, in the same manner as if they were *sole*. A lease for one year is a contract for the possession of the demised premises during that term for a stipulated price called rent. The lessee is, in legal effect, a purchaser of the term. Clearly the legis-

lature did not intend to confer the right to purchase, without imposing the correlative obligation of paying for the thing purchased. The authorities on the subject are decisive against the defendant. (*Prevot* v. *Lawrence*, 51 N. Y., 219; *Frecking* v. *Rolland*, 53 id., 422; *Westervelt* v. *Ackley*, 62 id., 505; *Herrington* v. *Robertson*, 71 id., 280; *Cashman* v. *Henry*, 75 id., 103, 115.) The case of *Eustaphieve* v. *Ketchum* (6 Hun, 621) is not conflicting because it was put upon the ground, that a lease to husband and wife jointly of a dwelling for their family was not a contract which had reference to the separate property of the wife, but that the wife became merely a surety for her husband.

The judgment must be affirmed, with costs.

BARNARD, P. J., concurred; DYKMAN, J., not sitting.

Judgment affirmed, with costs.