Newcomb agt. Hale.

## SUPREME COURT.

EDWARD NEWCOMB, receiver, &c., agt. MATTHEW HALE and others.

*Costs — Where in an action in which costs are in the discretion of the court, a judgment is rendered in the supreme court, without any provision for costs, and on appeal to the court of appeals such judgment is affirmed, with costs — What costs are recoverable — Code of Civil Procedure, sections 3228–3230.*

Where, in an action in which costs are in the discretion of the court, a judgment is rendered in the supreme court, without any provision for costs, and on appeal to the court of appeals such judgment is affirmed, with costs, the only costs recoverable are the costs in the court of appeals.

The defendant H. had assigned a mortgage to the insurance company, with guaranty of payment. The plaintiff, as the receiver of the insurance company, commenced an action to foreclose the mortgage, making H. a party defendant. H. defended upon the ground that his guaranty of payment was discharged by the neglect of the company to foreclose, as he requested it to do. His defense was sustained at both circuit and general term, but overruled in the court of appeals, which court " did order and adjudge that the judgment of the general term of the supreme court appealed from as relates to defendant H. be and the same is hereby reversed and modified by inserting a provision adjudging the defendant liable for any deficiency, and, as so modified, affirmed, with costs to the appellant:"

*Held*, that as the judgment of the lower court is modified so as to render a judgment in favor of the plaintiff, but without costs, and as so modified is affirmed, with costs to the appellant, costs in the court of appeals only, and no other are given.

*First.* The plaintiff was not entitled to recover costs in the supreme court as of course.

*Second.* The supreme court neither at special or general term has awarded them.

*Third.* The court of appeals has awarded costs only in that tribunal; and,

*Fourth.* As costs have never been allowed for the proceedings in this court, the allowance of them to the plaintiff by the clerk was erroneous.

*Ulster, Special Term, December,* 1882.

MOTION to readjust costs.

Newcomb agt. Hale.

*De Witt Roosa*, for motion.

*N. C. Moak*, opposed.

WESTBROOK, *J.* — The defendant Matthew Hale had assigned a mortgage to The Atlantic Mutual Life Insurance Company with a guaranty of payment. The plaintiff, as the receiver of the insurance company, commenced an action to foreclose the mortgage, making Hale a party defendant. Hale defended upon the ground that his guaranty of payment was discharged by the neglect of the company to foreclose as he requested it to do. His defense was sustained at circuit and general term, but overruled in the court of appeals, which court (to use the exact language of the *remittitur*) " did order and adjudge that the judgment of the general term of the supreme court, appealed from as relates to defendant Hale, be and the same is hereby reversed and modified by inserting a provision adjudging the defendant liable for any deficiency, and as so modified affirmed, with costs to the appellant."

After the decision of the court of appeals the plaintiff procured his costs to be taxed by the clerk of the county of Albany, who, against the objection of the defendant Hale, allowed to the plaintiff costs and disbursements in the supreme court to the amount of $158.15. The present motion presents the propriety of that allowance.

It is well settled that when the court of appeals reverses a judgment, " with costs to abide the event," that the party who eventually succeeds recovers costs for all the different steps in the cause (*First National Bank of Meadville* agt. *The First National Bank of New York*, 84 *N. Y.*, 469; *Donovan* agt. *Vandemark*, 22 *Hun*, 307; *Sanders* agt. *Townshend*, 63 *How.*, 343). The reason of this is apparent. The costs in the court of appeals are by the order made to depend upon the final event; and when the final judgment awards to the prevailing party costs of the action he recovers those in the court of appeals by force of its order, which gave to the lower tribunal express power to award them, and those for the pro-

ceedings had in such lower tribunal, because its judgment giving them was within its statutory authority over costs for steps taken in an action whilst within its jurisdiction and under its control. The reasons, however, upon which the cases referred to depend — that the lower tribunal can award costs for proceedings in the court of appeals, whenever such latter court authorizes it so to do, and that the former has the original power to award costs in an action for such proceedings therein as were had before it — so far from sustaining the allowance to the plaintiff of the costs in this action while it was pending in this court are opposed to such allowance. Certainly this court has not either at general or special term ordered judgment for the plaintiff against the defendant Hale, with costs of the action, and if the taxation of the clerk of Albany county is to be sustained it can only be upheld by showing that the judgment of the court of appeals awards them. Has it done so? Its order does not direct, as the counsel for the plaintiff argued, the judgment of the general term to be reversed and modified " by inserting a provision adjudging defendant Hale liable for any deficiency," with costs of the action. If it did, then it could be plausibly and perhaps successfully said that as the roll so amended provided for a judgment against Mr. Hale, with costs, the plaintiff should recover costs of the action. The amendment which the order directs to be made to the judgment does not, however, direct that the judgment against the defendant shall be with costs. On the contrary, the only amendment to be made to the judgment of the general term is, that it shall declare " Hale liable for any deficiency;" and then the order further provides that the judgment " as so modified," to wit, a judgment against Hale for any deficiency, without any declaration or provision as to costs, is " affirmed, with costs to the appellant." The question therefore which this case presents is, when a judgment by the general term is modified so as to provide for a recovery against a defendant in a certain contingency, and no costs are adjudged against the defendant as a

Newcomb agt. Hale.

part of such recovery, and such judgment "as so modified" is "affirmed, with costs to appellant;" what costs are recoverable? In other words, suppose in an action in which costs are in the discretion of the court (and that this is such an action will presently be shown) a judgment is rendered in the supreme court, without any provision for costs, and that on appeal to the court of appeals such judgment is affirmed, with costs, what costs are recoverable? Such a question would seem to admit of only one answer, and that is, an affirmance in the court of appeals of a judgment or order, with costs, means costs in the court of appeals only. If the judgment or order affirmed gave costs, the successful party would obtain costs in the lower court by virtue of the original judgment or order which was affirmed, but if the order or judgment appealed from and sustained gave no costs, the party succeeding on the appeal would not recover costs in the lower courts. Precisely such a case this motion presents. The judgment of the lower court is modified so as to render a judgment in favor of the plaintiff, but without costs, and as so modified is affirmed, with costs to the appellant. This provision clearly gives only costs in the court of appeals and no other.

It is argued, however, that the judgment of the court of appeals reversed the judgment of the lower court, and that costs in the lower court follow. That may be so in a case in which costs are a part of the recovery as matter of right. This is not such a case, as will presently be shown, but the right to recover costs in the supreme court, as the supreme court has not awarded any, depends entirely upon the judgment of the court of appeals. The attempt has been made by an analysis of the language of the *remittitur* to show that no costs in this court have been given. It is useless, however, to argue, as the court of appeals has construed the meaning of language similar to that contained in the order in this case. In *Sisters of Charity* agt. *Kelly* (68 N. Y., 628) it was held, "When costs are given by the judgment of this court *it means costs in this court* to the successful party as against the unsuccessful party."

Newcomb agt. Hale.

The report of the case is not full, but inquiry of counsel has developed the following facts : A will offered for probate had been rejected on the ground of defective execution. The supreme court at general term reversed the decree of the surrogate, and the decision of the court of appeals was : "Judgment of the general term reversed and decree of surrogate affirmed, with costs." In holding, then, in *Sisters of Charity* agt. *Kelly,* that an order reversing the general term and affirming a surrogate's decree, "with costs," only gave costs in the court of appeals, that tribunal has so construed words similar to those used in this case as to render impossible the construction claimed for them by the plaintiff in this action.

It was also urged on the part of the plaintiff that he is entitled to recover costs in the supreme court by subdivision 4 of section 3228 of the Code of Civil Procedure, which entitles the plaintiff " to costs, of course, upon the rendering of a final judgment in his favor " in an action "in which the complaint demands judgment for a sum of money only." The present case was not one of that character. As against the defendant Hale, the relief sought, if any was given, might result in a judgment for money only, but the relief demanded by the complaint was not a "judgment for a sum of money only." On the contrary, the action was for a foreclosure of a mortgage and the sale of the mortgaged premises as the primary and principal relief, and as the secondary and final relief the complaint asked for a personal judgment against Hale for any deficiency arising upon the sale. The same relief was asked against Mr. Hale that is generally asked against the obligors of a bond which ordinarily accompanies a mortgage, and in the present action, no more than in one brought to foreclose a mortgage to which the obligors executing the bond accompanying it are made parties for the purpose of making them liable for any deficiency upon the sale, can it be truly said that the sole relief demanded by tne complaint is a money judgment. The position of the plaintiff, that costs are recoverable by him in this case as of course under the section of the

The People *ex rel.* Panama R. R. Co. agt. Commissioners of Taxes.

Code referred to, is not maintainable. On the contrary, as has been shown, that section does not apply, and section 3230, which places costs in the discretion of the court, does. It is true that if the plaintiff had sued Mr. Hale directly upon his covenant he would have been entitled to his costs as of right. He did not however do so, but on the contrary he brought an action to foreclose a mortgage, making him a party to it, and it has been expressly decided (*Lossee* agt. *Ellis*, 13 Hun, 655) that "in an action to foreclose a mortgage the costs are in the discretion of the court" (*See, also, Herrington* agt. *Robertson*, 71 *N. Y.*, 280, 284).

The conclusions from the foregoing reasoning are clear. First. The plaintiff was not entitled to recover costs in the supreme court as of course. Second. The supreme court, neither at special or general term, has awarded them. Third. The court of appeals has awarded costs only in that tribunal; and Fourth. As costs have never been awarded for the proceedings in this court, the allowance of them to the plaintiff by the clerk was erroneous.

The motion of the defendant is therefore granted, but as the question is somewhat novel and the plaintiff has succeeded in the action, no costs are allowed thereon.