where the fullest opportunity will be afforded for the investigation of all the attendant circumstances.

We have no doubt of the power of the court to entertain the motion, although it was not made at special term, or at the trial term at which the cause was tried. This motion was for a rehearing of the motion for a new trial, which was made at the time of the trial; but, aside from this, the power of the court over its judgments is not dependent on, or limited by, section 724 of the Code of Civil Procedure, and the court may, in its own discretion, and in the exercise of the control over its own judgments, open them for sufficient reason, in the further-ance of justice. Vanderbilt v. Schreyer, 81 N. Y. 646; Ladd v. Steven-son, 112 N. Y. 326, 19 N. E. 842; Donnelly v. McArdle, 14 App. Div. 217, 43 N. Y. Supp. 560; Rost v. Railroad Co. (Sup.; 1896) 41 N. Y. Supp. 1069.

There were also exceptions to certain testimony introduced by the defendant, which may be considered in deciding this appeal, and we are of opinion that the judgment entered upon the verdict would have been reversed for error in the admission of such evidence. The orders appealed from are affirmed. All concur.

(19 App. Div. 316.)

STERN v. METROPOLITAN TELEPHONE & TELEGRAPH CO.

(Supreme Court, Appellate Division, First Department. June 25, 1897.)

1. DISCOVERY—EXAMINATION OF BOOKS BEFORE TRIAL.
   In a suit against a telephone company, based upon an allegation that its business is affected with a public use, that it is bound to render service for a reasonable compensation, and that the compensation demanded by it is unreasonable, the latter allegation, among others, being put in issue by the answer, evidence from the defendant's books tending to show the extent of its profits, is necessary and material, and a proper subject for an exam-ination before trial.

2. SAME—EXAMINATION OF DEFENDANT.
   When the officers of a corporation are nonresidents of the state, and their testimony is desired in connection with the books of the corporation, which are within the state, a sufficient reason is shown, upon a motion for an examination of the defendant before trial, for taking the examination be-fore, rather than at, the trial.

Appeal from special term.

Action by Simon Stern against the Metropolitan Telephone & Tel-egraph Company. From an order vacating an order for the examina-tion of defendant before trial, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, INGRAHAM, and PARKER, JJ.

Wm. B. Hornblower, for appellant.
James C. Carter and Melville Egleston, for respondent.

PARKER, J. The order vacated by the order appealed from direct-ed the president, secretary, and treasurer of the defendant to appear before a referee appointed to take their testimony for use upon the trial of this action, and required them at the same time to produce before such referee for inspection certain of defendant's books. The

statute expressly authorizes the court to make such an order.  Subdivision 7, § 872, of the Code of Civil Procedure, is in part as follows:

"And if the party sought to be examined is a corporation, the affidavit shall state the name of the officers or directors thereof, or any of them, whose testimony is necessary and material, or the books and papers as to the contents of which an examination or inspection is desired, and the order to be made in respect thereto, shall direct the examination of such persons and the production of such books and papers."

The purpose of the statute is not to require an examination merely because a party to the action desires it.  It will not be ordered where the object aimed at is the annoyance of the opposite party, or where the design is to ascertain what evidence the other party intends to produce on the trial, nor will what is termed a "fishing excursion" be tolerated.  It must appear, in the first place, that the party in good faith intends to use the testimony which he asks to take upon the trial of the action, and the test which must be applied in determining whether he is entitled to the examination and the production of books and papers is furnished by the statute, which provides that the testimony must be "necessary and material."  We must inquire, therefore, whether the affidavits used on the motion, if subjected to this test, will support the order vacated.  The action was commenced on the 31st of January, 1895, and was brought to enjoin the defendant from removing the telephone instrument in plaintiff's office, and to require the defendant to perform telephone services to the plaintiff in the customary manner in which it had performed such services for others, for the sum of $150 a year, or for such sum as constituted a reasonable, just, and adequate compensation for this service.  It is alleged in the complaint, in substance, that plaintiff was a subscriber of the defendant and of its predecessor from some time prior to the year 1891 down to about the time of the commencement of the action; that during such time the plaintiff paid per year for such service sums varying from $120 to $180 per year; that under the pretense of furnishing a new instrument the defendant demanded that the plaintiff pay the sum of $240 per year, and threatened that unless he would make a new contract for that sum it would discontinue the service, and deprive him entirely of the means of communication by telephone.  The complaint also alleged that defendant's business is affected by a public use, in its nature and essence a monopoly, and in prosecuting the same it uses public highways and public and private buildings, and occupies and uses public streets; that it is a common carrier for hire of oral and written messages, and as such common carrier is under contract, implied by law, to furnish its service at a fair and reasonable price; that the sum of $150 adequately remunerates the defendant; the price demanded in excess of such sum, to wit, $90 per year, constituting an extortionate and unreasonable exaction. The answer puts in issue many of the allegations of the complaint, including the one which charges, in effect, that the compensation demanded for the use of the telephone is unlawful, unjust, and illegal; and alleges that the increased charges made are reasonable, just, and legal.  Upon the complaint and affidavits a temporary injunction was granted, prohibiting the defendant from removing the telephone

from the plaintiff's office. Subsequently the motion to continue the injunction was argued upon the moving papers, and affidavits submitted in opposition thereto by the defendant, and it resulted in an order continuing the injunction; the court holding that the defendant's business is in itself a public business affected with a public interest to be exercised under public control, and governed by the same rule which obtains in the case of a common carrier, which is bound to furnish transportation to the public for a reasonable charge, and that, where a proper allegation is made, the court may compel the corporation to furnish transportation upon the payment of the sum which shall be adjudged to constitute reasonable compensation. While that order has been appealed from, it stands unreversed, and therefore, in the disposition of this motion, it was the duty of the court at special term, as it is the duty of this court, to assume, for the purposes of this motion, that it is the law of the case that the defendant is bound to furnish telephone service to the plaintiff upon the payment of a reasonable compensation therefor. Starting with such assumption, we have no difficulty in reaching the conclusion that the testimony is material which the plaintiff insists he expects to obtain from the officers and books of the company. Evidence which tends to show the extent of the profit resulting annually from defendant's business is certainly material in an action the principal object of which is to determine what constitutes a reasonable compensation for each of the defendant subscribers. The defendant urges that it does not appear that it is necessary that the examination be had before, rather than at, the trial, and that such an examination is never held to be necessary after issue joined, where it appears that the examination can be had at the trial, except in those cases where fraud is alleged, or some relation of trust or confidence between the parties confers a present right to know the facts to be elicited by the examination. If the accuracy of defendant's proposition be conceded,—and it may be said in passing that it is challenged by several decisions, including Presbrey v. Public Opinion Co., 6 App. Div. 600, 39 N. Y. Supp. 957,—still it would not operate to prevent an examination in this case, for the reason that it does not appear that an examination of the officers of defendant can with certainty be had at the trial. It is shown by the affidavits of the plaintiff that the president of the defendant, Charles F. Cutler, resides at Morristown, in the state of New Jersey, and that William R. Driver, the treasurer, is a resident of Boston, Mass., while the books of the company are located at 18 Cortlandt street, in the city of New York. These principal officers, whose testimony the plaintiff desires to take, may choose not to be present at the trial, and they will not be subject to subpoena if they stay at their several homes. Their examination on commission would not accomplish the plaintiff's purpose, who desires to take their testimony in connection with the books, which are in the city of New York.

The plaintiff alleged in his complaint, and attempted to show by his affidavit, that when the defendant charged him and its other customers $150 per annum, it received a reasonable compensation for the service, resulting in a fair and liberal profit to the defendant. To this the defendant made answer that the expenses of operation in-

creased in greater proportion than the number of subscribers; and that the expense of putting the company's wires under ground, and establishing a metallic circuit, had increased the company's outlay, and, therefore, justified the increase in the charges. The defendant did not attempt to give the figures showing the actual receipts and disbursements of the company, or the amount of these extraordinary expenses, or whether they were charged to construction account and capital account as distinguished from expense account. These facts must have an important bearing upon the issues presented by the pleadings, and therefore it is but just that the plaintiff should have an opportunity of presenting the whole truth of the matter upon the trial. No method of accomplishing this result with certainty can be discovered except by an examination before trial, and it was for such a situation that the statute was intended to provide. Our conclusion is that the order directing the examination of certain of the defendant's officers should not have been vacated.

The order should be reversed, with $10 costs, and the motion denied, with $10 costs. All concur.