## WRIGHT v. GLEN TELEPHONE CO.

(Supreme Court, Appellate Division, Third Department.  May 2, 1906.)

1. INJUNCTION — TELEPHONE SERVICE — COMPELLING RENDITION — PLEADING CAUSE OF ACTION.

A complaint alleging that defendant telephone company refused to supply telephone service to plaintiff at a reasonable rate, and sought to charge him an excessive rate, greater than that charged members of other professions and other places of business for which the same service was supplied, stated a cause of action for a mandatory injunction to compel the rendition of service at a reasonable rate, to be fixed by the court.

2. TELEGRAPHS AND TELEPHONES—RATES—MUNICIPAL POWERS—REGULATION.

Under Laws 1890, p. 1152, c. 566, § 102, giving telephone companies the right to construct lines along and upon highways, and Laws 1899, p. 533, c. 275, § 41, giving municipal authorities power to regulate the setting of poles and stringing of telephone wires, etc., a city has no power in granting a franchise to a telephone company to require it to furnish service at certain rates, and the company is not bound by such rates, even though it accepts the franchise subject to conditions as to rates.

3. SAME—ESTOPPEL.

Where a city has no power to compel a telephone company to furnish service at certain rates, the action of the company in complying for some time with a franchise requiring the furnishing of service at stipulated rates does not estop it from afterwards refusing to comply.

Appeal from Special Term, Fulton County.

Action by Horton D. Wright against the Glen Telephone Company. From an interlocutory judgment (95 N. Y. Supp. 101) overruling a demurrer to the complaint, defendant appeals.  Affirmed, with leave to withdraw the demurrer and answer.

Argued before PARKER, P. J., and SMITH, CHESTER, and COCHRANE, JJ.

Fred. Linus Carroll, for appellant.

Horton D. Wright, for respondent.

SMITH, J.  The defendant challenges plaintiff's complaint as not stating facts sufficient to constitute a cause of action.  If any cause of action be therein alleged, the demurrer was properly overruled.

From the complaint it appears that the defendant is a telephone corporation operating its lines in the city of Gloversville, Fulton county, and the adjoining places.  The plaintiff is a practicing lawyer in the city of Gloversville.  The complaint fairly alleges that the defendant refuses to supply telephone service to him at reasonable rates, and refuses to give him telephone service except upon the payment of $3.50 per month, while $2 per month is a reasonable charge for such service, and that defendant unjustly and unlawfully discriminates as between him and members of other professions and other places of business, and seeks to charge him an excessive rate, more then is char-

ged to other professions and other places of business to which like service is supplied. Before the action was brought service had been rendered, but was suspended at the time the action was brought. Plaintiff seeks the mandatory injunction of the court to compel them to furnish such service at a reasonable rate to be fixed by the court. This would seem to constitute a cause of action within the authorities. Sterne v. Metropolitan Telephone & Telegraph Company, 19 App. Div. 316, 46 N. Y. Supp. 110; New York Cement Company v. Consolidated Rosendale Cement Company, 37 Misc. Rep. 753, 76 N. Y. Supp. 469; Root v. Long Island Railroad Company, 114 N. Y. 300, 21 N. E. 403, 4 L. R. A. 331, 11 Am. St. Rep. 643; Lough v. Outerbridge, 143 N. Y. 278, 38 N. E. 392, 25 L. R. A. 674, 42 Am. St. Rep. 712.

Plaintiff's contention, that he is entitled to service upon the terms stated in the so-called franchise given to the defendant from the city of Gloversville, is, we think, not sound. The right to construct its line along and upon the highways is given by the statute. Section 102, c. 566, p. 1152, of the Laws of 1890. By section 41, c. 275, p. 533, of the Laws of 1899, the municipal authorities of the city of Gloversville are only given the right "to regulate the setting and stringing of telegraph, telephone, electric light and power, and other poles and wires in said city." The power of the municipality is simply a police power, to be exercised for the protection of the citizens. It cannot use that power for the purpose of forcing a contract with a telephone company for benefits to itself or to the citizens. In Farmer v. Columbiana County Telephone Company, 72 Ohio St. 526, 74 N. E. 1078, the headnote reads as follows:

"Telephone companies organized in this state obtain power to construct their lines along the streets and public ways of municipal corporations from the state by virtue of sections of the Revised Statutes (3454 to 3471–78, inclusive), and not from the municipal authorities. The latter have the power, under section 3461, to agree with such companies as to the mode of use, and upon compensation for such use, but not beyond what may be necessary to restore the streets to former state of usefulness. They have not power to exact or receive compensation by way of free telephone service for themselves or for citizens, or to fix rates for telephone charges. Where such power to so obtain free service and fix rates is attempted to be exercised by the passage of an ordinance incorporating such provisions, the company will not be required to adhere to them by a court of equity by mandatory injunction, even though it be shown that the rates agreed upon and incorporated in the ordinance were so fixed at the solicitation of the company and that the company thereby obtained a benefit which it would not have otherwise obtained in a mode of use of the streets more beneficial to it and more inconvenient to the public."

From a reading of the case it appears that the statutes under which this case was decided did not differ materially from the law of our own state. See, also, Barhite v. Home Telephone Company, 50 App. Div. 25, 63 N. Y. Supp. 659; Macklin v. Home Tel. Co., 24 Ohio Cir. Ct. R. 446–455, affirmed June 14, 1904, under title of "City of Findlay v. Home Tel. Co.," 70 Ohio St. 507, 72 N. E. 1156; State v. Sheboygan, 111 Wis. 23, 86 N. W. 657; Marshfield v. Telephone Company, 102 Wis. 604, 78 N. W. 735, 44 L. R. A. 565; State ex rel. Garner v. M. & K. T. Co. (Mo. Sup.) 88 S. W. 41. In fact, it can make no contract with the company which could not be altered by a sub-

sequent municipal council if necessary for the protection of the citizens.   Bronk v. Barckley, 13 App. Div. 75 et seq., 43 N. Y. Supp. 400; Stone v. Mississippi, 101 U. S. 821, 25 L. Ed. 1079.   If this be sound law, the franchise can in on way be a contract binding upon the defendant as to compensation for service for lack of consideration. The defendant cannot be estopped because it has complied so far with terms with which it was not required legally to comply.   No harm has been done this plaintiff or the municipality, and I can see no element of estoppel in any act done by the defendant under the terms of the so-called franchise.

The interlocutory judgment must therefore be affirmed, with costs, with the usual leave to withdraw the demurrer and answer, upon payment of the costs of the demurrer.

COCHRANE, J., concurs.   CHESTER, J., concurs on ground first stated.   PARKER, P. J., not voting.

---

## In re MANHEIM.

(Supreme Court, Appellate Division, First Department.   May 11, 1906.)

ATTORNEY—PROFESSIONAL MISCONDUCT—PUNISHMENT.

Where an attorney, after the defeat of his client in a case tried in a city court, wrote a letter to the justice who tried the case complaining of his conduct, reflecting on the integrity of the justice, and by inference on that of other members of the court, but, on being called to account therefor by the Appellate Division, asserted that the letter was writen on an impulse, without any intention of giving publicity to his grievance or doing more than expressing his feelings to the justice, the act, while highly objectionable, was not ground for the imposition of a greater punishment than a reprimand.

Proceedings for the punishment of Jacob Manheim, an attorney at law, on charges of professional misconduct.   Dismissed.

Argued before McLAUGHLIN, INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Egerton L. Winthrop, Jr., for petition.
Jacob Manheim (Austen G. Fox, on the brief), in pro. per.

