(116 App. Div. 749)

SOUTH SHORE TRACTION CO. v. TOWN OF BROOKHAVEN et al.

(Supreme Court, Appellate Division, Second Department.  January 11, 1907.)

1. RAILROADS—RIGHT OF WAY—USE OF HIGHWAYS—TERMS OF GRANT.
    Railroad Law, Laws 1901, p. 1234, c. 494, § 93, provides that the local authorities may make their consent to the building of a railroad depend on any conditions respecting security suitable to secure the construction "of the railroad within any time not exceeding the period prescribed in this article." Held, that the provision applies to towns and villages, and local authorities may impose a shorter term for the construction of a road upon a street than that provided by the general law, and may require a bond as a condition precedent, and on failure to comply with such condition may grant the right to build on the street to another road.

2. SAME—CONDITION AS TO BOND—WAIVER.
    The resolution of highway commissioners extending the time for the construction of a railroad on a street is not a waiver of a provision in the original franchise requiring the giving of a bond.

Appeal from Special Term, Suffolk County.

Action by the South Shore Traction Company against the town of Brookhaven and others. Judgment for plaintiff, and defendants appeal. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, GAYNOR, RICH, and MILLER, JJ.

T. M. Griffing and Charles A. Collin, for appellants.
F. W. M. Cutcheon (James Byrne, on the brief), for respondent.

MILLER, J. The defendants appeal from an order granting an injunction pendente lite in an action brought by the plaintiff to restrain the defendant's highway commissioners from granting to the defendant Suffolk Traction Company their consent to the construction, maintenance, and operation by it of a street surface railroad on a certain street of the town of Brookhaven. On April 1, 1903, the highway commissioners of said town granted the plaintiff their consent to the construction, maintenance, and operation by it of a street surface railroad on said street. Said consent contained the following provisions:

"(2) This franchise and consent not to be operative until the traction company shall give or cause to be given a bond of sufficient sureties to be approved by said highway commissioners in the penal sum of seven thousand five hundred dollars ($7,500) to indemnify and save harmless the said town of Brookhaven, and the highway commissioners thereof, from any and all damages, costs, actions, claims, and demands arising from the construction,

maintenance, and operation of said railroad up to a period of thirty days after completion of said railway, and for the faithful execution and performance of the terms and conditions upon which this franchise is granted and the provisions of law applicable thereto, and upon the faithful performance of all the provisions and conditions herein contained, then this obligation to be void; otherwise, to remain in full force and effect.

"(3) Said railroad shall be completed and in operation, in a generally east and west direction, through the village of Patchogue, and over its entire route from a point on Railroad avenue in Bellport on the east to a point on Railroad avenue or Lakeland Road in Sayville on the west, within two years from the date of the granting of this franchise; otherwise, all rights and privileges under this franchise and consent shall cease and determine: Provided, however, that, if the said South Shore Traction Company shall be enjoined by the courts or stopped by any legal authority from completing said railroad over that portion of its route in this section set forth, the time of such disability shall not be a part of the time limited in this section, except that in no case shall the time so limited be extended more than one year after the disability ceases."

The plaintiff has not begun the construction of its road. On October 23, 1905, more than six months after the expiration of the two years provided in said consent as the time within which the road should be constructed, the highway commissioners of said town adopted a resolution extending the time of the plaintiff to construct its road for a period of one year from October 25, 1905. The bond provided for in said consent has not been given, but the validity of the order appealed from is by its terms conditioned upon the giving of said bond. The consent does not contain the expressed condition required by section 92 of the railroad law (Laws 1893, p. 910, c. 434) that the provisions thereof shall be complied with. Owing to the physical character of said street or highway, but one street railway can be constructed upon it.

The order of the learned court at Special Term appears to have been granted upon the theory that, as but one road could be constructed in said street, it was not competent for the highway commissioners to grant a consent while one previously granted remained in force; and the respondent seeks to sustain the order upon the theory that the granting of such second consent would impair the obligation of a contract within the meaning of the federal Constitution. It is insisted that the right granted is from necessity exclusive, and will, therefore, be invaded by a second grant. A discussion of this question at this time will not be profitable, for the reason that we have reached the conclusion that the consent to the plaintiff never became operative, because of the failure of the plaintiff to give the bond as provided in that portion of the consent quoted supra.

The respondent contends that the Legislature has provided in detail for the construction, maintenance, and operation of railroads, and that it is only competent for the local authorities to grant or withhold their consent without the imposition of any conditions whatever. This contention is based mainly upon two cases: Matter of Kings County Elevated R. R. Co., 105 N. Y. 97, 13 N. E. 18; Beekman v. Third Avenue R. R. Co., 153 N. Y. 144, 47 N. E. 277. The effect of those decisions was considered by this court in this department in Dusenberry

v. N. Y. W. & C. Traction Co., 46 App. Div. 267, 61 N. Y. Supp. 420, and we adhere to the conclusion, there reached, that it is competent for the local authorities to impose a shorter term for the construction of the road than that provided by the general law, and we think that they could require the giving of a bond as a condition precedent. Section 93 of the railroad law (Laws 1901, p. 1234, c. 494) provides:

"The local authorities may, in their discretion, make their consent to depend upon any further conditions respecting other or further security, or deposit, suitable to secure the construction, completion and operation of the railroad within any time not exceeding the period prescribed in this article."

The learned counsel for the respondent contends that said provision of section 93 as now amended only applies to cities of 1,250,000 inhabitants; but, as we read the section, said provision applies alike to cities, towns, and villages. A provision of a consent requiring the deposit of a sum of money, which should become the property of the municipality in case of the failure to construct the road within a time stated, was assumed, without discussion, to be valid in Peekskill R. R. Co. v. Peekskill, 21 App. Div. 94, 47 N. Y. Supp. 305, affirmed 165 N. Y. 628, 59 N. E. 1128. It being competent for the local authorities to impose the condition, we can discover no reason for refusing to give effect to the terms of the condition as imposed. No time was provided within which the bond should be given, but the plaintiff had to give it before the consent obtained ever became operative. If the respondent is right in its contention that but one consent could be granted for the construction of a road in a place admitting the construction of but a single road, there is strong reason for giving full effect to a provision like the one under consideration, because otherwise the municipality would have no means of protecting its franchises from exploitation.

The resolution of the highway commissioners extending the time for the construction of the road was not a waiver of the provision requiring the giving of a bond. Assuming it to have been valid for the purpose of extending such time, which we need not now determine, it at most extended such time in accordance with the terms and conditions of the original consent, which only became operative upon the giving of a bond. It follows that at the time of the commencement of this action the highway commissioners had a perfect right to grant a consent to another corporation, with which the court could not interfere by injunction. It is unnecessary, therefore, to consider whether the provision respecting forfeiture in case of the failure to construct the road within two years is self-executing, or whether the default was waived by the resolution hereinbefore referred to.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with costs. All concur.