### James Henderson v. Samuel Miller.

*Estoppel from denying title.*

M transferred his interest in a land contract to W, who held a judgment against him for possession of the land,—and he made the transfer so that W might convey a clear title to H from whom he agreed to take another contract for its purchase. *Held,* that after the judgment for possession he was a tenant so long as he remained, and liable for rents and profits; and that having refused to sign a contract with H he was estopped from denying the latter's right to rent, profits and possession.

Error to Manistee. (Judkins, J.) April 25.—April 30.

Assumpsit. Defendant brings error. Affirmed.

*D. S. Harley* and *A. H. Dunlap* for appellant.

*A. J. Dovel* for appellee. A tenancy is created where one enters under a contract to purchase and does not perform it:

*Dwight v. Cutler* 3 Mich. 566; *Woodbury v. Woodbury* 47
N. H., 20; *Hogsett v. Ellis* 17 Mich. 351; *Dalton v. Lau-
dahn* 30 Mich. 350; and one who enters under such con-
tract is estopped from questioning the other party's title:
*Jackson v. Miller* 6 Wend. 228; nor can he though in pos-
session when he contracted: *Jackson v. Ayers* 14 Johns. 224;
*Hawes v. Shaw* 100 Mass. 187; *Cobb v. Arnold* 8 Met. 398;
*McGee v. Jackson* 1 Wend. 418; Bigelow on Estoppel 597;
particularly if he induced the other party to secure the title:
Tayl. L. & T. § 705; *Truesdail v. Ward* 24 Mich. 117;
*Lockwood v. Thunder Bay River Boom Co.* 42 Mich. 536.

SHERWOOD, J.   This case is an action of assumpsit on all
the common counts and for use and occupation of a lot in the
city of Manistee.

The plaintiff claims rent due him from the defendant from
the 7th day of October, 1882, to January 29, 1883.   The
cause was commenced in justice's court.   The defendant
pleaded the general issue, and gave notice that the title of the
lot would come in question, and the justice certified the case
to the circuit court for trial, under the statute, where a trial
was had, and the plaintiff was allowed to recover the rent
declared for.

The plaintiff claims title to the lot through a deed from
William Wente and wife to him, made October 7, 1882, under
which the plaintiff went into possession of the north 40 feet
of the lot and built a barn thereon.   The remainder of the
lot was in possession of the defendant, and had been for eight
years, and neither the plaintiff or his grantor ever had posses-
sion thereof.

The defendant claimed to be in possession under Mrs. Char-
lotte C. Bancroft's chain of title, and that Mrs. Bancroft ob-
tained her title by deed from one Alexander McKay, and that
his title was duly transferred through several mesne convey-
ances to one Eva Robinson, under whom the defendant held
a contract for the purchase of the part occupied by him, and
under which he was in possession.   On the 7th day of Octo-
ber the defendant assigned and set over in writing (on the
back of the contract) all his right, title, claims and demands
under the Robinson contract to said William Wente, who

obtained the deed of the premises under her contract, and then conveyed the property to the plaintiff.

The testimony tends to show that the defendant was familiar with all the changes, and that several of them were made with his approval, if not at his request, that he might take a contract for the purchase of the lot from the plaintiff. And the plaintiff claims, and the testimony tends to show, that the defendant made an agreement with the plaintiff, after the latter had obtained the Wente title, for a contract of purchase of the lot, and all the terms were agreed upon, and it was only left to be put in writing; and this the plaintiff did subsequently do, signed the same and tendered it to the defendant for his signature, which the defendant refused. In May, 1882, Wente had obtained a judgment against defendant for the possession of the lot before he sold to plaintiff, before a circuit court commissioner. At this time the plaintiff had given the defendant notice to quit; and it is for the defendant's occupancy since his failure to perform that he claims his right to recover the rent.

Evidence was also given tending to show that the defendant, at the time he assigned the Robinson contract to Wente, did so with the intention of surrendering and relinquishing all his rights in the premises to Wente, that the latter might convey a clear title to the plaintiff.

We think after the defendant had transferred his interest in the Robinson contract, for the purpose stated, to Wente, who at the time had a judgment against him for possession, and defendant had agreed to take a contract for the purchase of the lot from the plaintiff, and had made a small payment on such agreement, and did this with a full knowledge of the condition of the title to the property, (which facts substantially appear undisputed,) he must be held to be estopped from denying the title of the plaintiff, or the plaintiff's right to the possession and the rents and profits of the property.

It is true, while he held possession under a contract for the purchase, he could not be called upon to pay rent, without fault or failure upon his part to perform the same; but the judgment in ejectment shows he had failed, and forfeited

his right to occupy, rent free, under the Robinson contract; and when the plaintiff purchased, defendant was certainly a tenant and liable for rent, and has by failure to perform his agreement to purchase of the plaintiff (by declining to sign the contract) continued that liability. The circuit judge so held, and we think correctly.

The question of whether a contract was tendered by plaintiff, and the defendant's refusal of his signature, was properly submitted to the jury, and the verdict is final upon that fact, and in favor of plaintiff.

These views render it unnecessary to consider the several assignments of error in detail.

We find no error in the record, and

The judgment must be affirmed.

The other Justices concurred.