CLARKE, J. This is an action to recover for the conversion of 64 mantles, of the value of $223. The learned justice held, in dismissing the complaint:

"The complaint is dismissed for insufficiency of proof, and for the reason that the testimony of plaintiff is so varying and contradictory that the court is unwilling to issue a body execution upon it. Furthermore, neither Margolies nor plaintiff was the owner, and there was no proof of demand to return the property."

As there was no contradiction of the evidence of plaintiff and his witness, and said witnesses were not impeached, it was error to deny its conclusiveness. Hull v. Littauer, 162 N. Y. 569, 57 N. E. 102.

The defendant having exercised an act of ownership by causing the mantles to be affixed to the building, no demand for their return was necessary; the sole object of a demand being to turn an otherwise lawful possession into an unlawful one by reason of a refusal to comply with it, and thus to supply evidence of a conversion. After a wrongful taking and carrying away of the property, the cause of action has become complete, without further act on plaintiff's part. Pease v. Smith, 61 N. Y. 477.

In the case at bar defendant never came into lawful possession of the property. It was taken to the building to deliver to the builder, Margolies, on payment. Plaintiff waited two days to make that delivery and collection. On Sunday defendant ordered the articles set in the building, and paid for that work done on that day. The conversion was completed, and no demand was necessary.

Judgment reversed, and new trial ordered, costs to abide event.

---

(61 App. Div. 100.)

## WILSON v. TENNANT.

(Supreme Court, Appellate Division, Fourth Department. April 30, 1901.)

NATURAL GAS—REFUSAL TO SUPPLY CONSUMER.
    Laws 1890, c. 566, §§ 60, 65, 66, authorizing the formation of corporations for manufacturing and supplying gas for lighting streets and for buildings, and providing a penalty for such companies' refusal to supply gas to consumers on application, do not apply to a natural gas company incorporated under Laws 1875, c. 611, known as a "business corporations law," and the acts amendatory thereof.

Appeal from trial term, Livingston county.

Action by James A. Wilson against James C. Tennant. Judgment for defendant (65 N. Y. Supp. 852), and plaintiff appeals. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

George D. Forsyth, for appellant.
William Carter, for respondent.

LAUGHLIN, J. The purpose of this action is to recover a penalty, under section 65 of the transportation corporations law (chapter 40 of the General Laws, and chapter 566 of Laws of 1890), for defendant's failure to furnish and supply natural gas to plaintiff after de-

mand duly made as prescribed in said statute. The real question involved is whether this statute is applicable to a corporation organized for the purpose of boring, drilling, and constructing natural gas wells, and piping and delivering the gas to consumers for hire. The Caledonia Gaslight & Heating Company was incorporated on the 21st day of December, 1895, pursuant to the provisions of the business corporations law, for the purpose of "boring, drilling, digging or mining for natural gas and conveying and distributing the same in pipes and vending said gas to the consumers thereof, to purchase, lease, secure and convey such real estate, and such only, as may be necessary for the convenient transaction of their business; and to effectually carry on the operation of such corporation; and the location of its business is to be in the town and village of Caledonia, in the county of Livingston and state of New York." On the 23d day of December, 1895, the board of trustees of the village of Caledonia granted the application theretofore made in writing in behalf of said company for the privilege of laying pipes in the streets of said village, subject to the conditions contained in the application. In its said application the company stipulated that in case the same was granted it should not charge consumers of gas to exceed 25 cents per 1,000 cubic feet. Subsequently the company laid pipes and mains in the streets of the village pursuant to said grant, and supplied gas for public purposes and to the inhabitants who applied therefor. Lateral pipes were constructed from one of the company's mains to plaintiff's house, situate within 100 feet thereof, and the pipes were extended throughout the house, and gas fixtures attached and gas supplied to plaintiff by said company from September, 1896, to November, 1897, at the rate specified in the grant. Subsequently the rights, privileges, and franchises of the company were sold on the foreclosure of a mortgage, and purchased by defendant, who has continued the business. It was stipulated that if section 65 of the transportation corporations law would be applicable to the Caledonia Gaslight & Heating Company, were it still conducting the business, it is applicable to this defendant. Upon demand duly made, defendant refused to supply gas to plaintiff unless he would stipulate to pay 40 cents per 1,000 cubic feet therefor. It is contended by plaintiff that although the company was organized, in form, under the business corporations law, yet it must be considered as having been organized under the transportation corporations law, for the reason that, as he maintains, it could not be legally incorporated under the former law. The transportation corporations law was prepared by the commissioners of statutory revision pursuant to chapter 289 of the Laws of 1889, and reported to the legislature on the 31st day of January, 1890; and, so far as here material, it was enacted as chapter 566 of the Laws of 1890, without amendment. The revisers, in a note accompanying their draft of this law (page 513, vol. 3, Senate Documents of 1890), say:

"In the following draft of a proposed bill the commissioners have grouped all the laws relating to the business of transportation of persons or property by means other than railroads. These include ferries, steamships, stagecoaches, tramways, pipe lines, gas and electric light lines, waterworks, telegraph and telephone lines, and turnpikes, plank roads, and bridges. A separate article is devoted to each subject, but no material changes have been

made in the provisions of existing laws so far as they are embodied in the proposed bills."

This proposed draft was not only accompanied by a schedule of the laws to be repealed, but also by the text thereof, showing from what statutes the different sections of the proposed transportation corporations law were taken. It appears therefrom (pages 592 to 598) that sections 60 to 79, inclusive, constituting article 6, relating to gas and electric light corporations, were taken from chapter 37 of the Laws of 1848, entitled "An act to authorize the formation of gas light companies," as amended; chapter 311 of the Laws of 1859, entitled "An act to provide for the inspection and selling of gas meters and for the protection of consumers of illuminating gas," as amended; chapter 116 of the Laws of 1860, entitled "An act to provide for the appointment of deputy inspectors of gas meters to reside in different parts of this state"; chapter 253 of the Laws of 1868, entitled "An act to prohibit gas companies from collecting rent on their meters"; and chapter 512 of the Laws of 1879, entitled "An act to authorize gas-light companies to use electricity instead of gas for the lighting of streets, public places, and public and private buildings in cities, villages, and towns within this state," as amended. Section 62 of the transportation corporations law, as originally enacted, following the statute which it superseded, provided for the inspection in the city of New York of gas meters of any gaslight corporation in the state, "except corporations engaged in supplying natural gas to consumers"; and section 65, requiring gas to be furnished to private consumers on application, in terms applied to "any gas-light corporation." In 1897 (Laws 1897, c. 486) the legislature amended section 62 so as to render the meters of natural gas companies subject to inspection, the same as those of other gas corporations; and in 1898 (Laws 1898, c. 364) this section was further amended so as to extend the inspection to meters used for measuring and furnishing fuel gas, it having been theretofore limited to those used for measuring illuminating gas. Prior to 1890, companies formed for the purpose of producing and vending natural gas were incorporated under chapter 611 of the Laws of 1875, known as the "Business Corporations Law," and the acts amendatory thereof. The validity of corporations organized under chapter 611 of the Laws of 1875 "for the purpose of boring, drilling, digging or mining for natural gas and conveying and distributing the same in pipes and vending said gas to the consumers thereof," was expressly recognized by chapter 422 of the Laws of 1889, which by its title was declared to be an act to provide for the organization and regulation of natural gas companies, and supplemental to said chapter 611 of the Laws of 1875. The main purpose of said chapter 422 of the Laws of 1889 seems to have been to authorize natural gas companies to use the public highways and streets, and to confer upon them the power of eminent domain. The business corporations law was first enacted in 1890 (Laws 1890, c. 567), and at the same time all of said chapter 611 of the Laws of 1875, except a few sections evidently omitted to preserve the powers of existing companies, was repealed. The business corporations law was entirely re-enacted in amended form in 1892 (Laws 1892, c. 691); many of its provisions

having been incorporated in the general corporation law and stock corporation law enacted at the same time. The general corporation Law (Laws 1892, c. 687) repealed all of the provisions of said chapter 611 of the Laws of 1875. Chapter 422 of the Laws of 1889 has not been repealed. The revisers, however, in 1900, in presenting to the legislature certain amendments to the transportation corporations law, recommended its repeal. The article of the transportation corporations law relating to gas and electric light corporations did not authorize the incorporation of a company formed for the purposes for which the Caledonia Gaslight & Heating Company was incorporated. It merely provided for the incorporation of gas companies for manufacturing and supplying gas for lighting purposes, or for manufacturing and using electricity for producing light, heat, or power, and vending the same. At the time the Caledonia Company was incorporated the old business corporations law (chapter 611 of the Laws of 1875) had been repealed; and chapter 422 of the Laws of 1889 did not authorize the incorporation of natural gas companies thereunder, but merely conferred upon such companies, which had been or might thereafter be organized under chapter 611 of the Laws of 1875, or the acts amendatory thereto, certain additional powers and privileges. It is therefore manifest that this company was properly organized under the new business corporations law, and is subject to the provisions of the general corporation law, which, as has been seen, repealed chapter 611 of the Laws of 1875. Section 36 of the general corporation law provides that references in laws not repealed to provisions of laws incorporated into general laws and repealed shall be construed as applying to the provisions so incorporated. Section 32 of the statutory construction law (chapter 677 of the Laws of 1892) is to the same effect. Chapter 422 of the Laws of 1889 not having been repealed, it follows from this rule of statutory construction that the references therein to corporations theretofore or thereafter organized under chapter 611 of the Laws of 1875, and the acts amendatory thereto, now applies to corporations organized under the business corporations law. In our opinion, therefore, the Caledonia Gaslight & Heating Company derived its authority from the business corporations law, and the other general laws applicable to companies incorporated thereunder, and from chapter 422 of the Laws of 1889, and not from the transportation corporations law. By the express terms of section 62 of the later act, as has been seen, the meters of this company are subject to inspection; and while it would seem proper that it should be subject to the provisions of section 65, so far as its supply of gas would enable it to comply therewith, it is not, strictly speaking, a gaslight company, and the legislature has not, by appropriate language, brought it within the purview of that section, so as to subject it to the penalties therein prescribed.

These views lead to the conclusion that the case was properly disposed of by the judgment appealed from, which should be affirmed, with costs. All concur.