1. BRIDGES—AUTHORITY TO REBUILD.
    Under Laws 1890, p. 1179, c. 568, § 10, as amended by Laws 1895, p. 408, c. 606, and Laws 1899, p. 108, c. 84, providing that, if any bridge shall be damaged or destroyed by the elements, the commissioner of highways shall cause the same to be immediately repaired or rebuilt, with the consent of the town board, etc., the commissioner and town board have no right to contract for the rebuilding of bridges which have been destroyed or damaged by natural wear.

2. ESTOPPEL—PUBLIC OFFICERS—UNAUTHORIZED CONTRACTS.
    Where a town board contracted for bridges which, under Laws 1890, p. 1179, c. 568, § 10, as amended by Laws 1895, p. 408, c. 606, and Laws 1899, p. 108, c. 84, it had no authority to purchase, but did not receive or use the bridges, and the contract did not recite any facts showing the board to have authority, and it did not appear that the seller of the bridges was misled or ignorant of the circumstances, the board was not estopped from denying the validity of the contract.

Certiorari by the people, on relation of the United Construction Company, against William B. Voorhies and others, as the town board of the town of Rockland, N. Y., to review a determination of the board rejecting a claim against the town. Writ dismissed.

This is a certiorari to review the action of the town board in rejecting the relator's claim for damages for not accepting six bridges contracted for by the commissioner of highways with the consent of the town board. By the

contract of October 6, 1903, said bridges were to be erected for use by December 6, 1903, for $3,769; the company not to be responsible for delays in delivery of material from the rolling mills, strikes, nor for circumstances beyond its reasonable control. One bridge was fabricated and shipped January 19, 1904. A letter, refusing to accept the bridges and canceling the contract, was mailed the relator January 28, 1904, by the supervisor, by direction of the town board, and was duly received. The other bridges were shipped later. The delay is properly accounted for, but the 5 bridges were of a 12-foot span, instead of a 14-foot span, as agreed. It is conceded that none of the town bridges intended to be replaced by this contract had been destroyed or become damaged by any cause except natural wear and decay, and that the electors of the town had not voted upon the question of raising money for these new bridges.

Argued before SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

Henry D. Merchant, for relator.

J. M. Maybee (George H. Carpenter, of counsel), for respondent.

JOHN M. KELLOGG, J. It is clear that the commissioner and town board had no right to enter into the contract for these new bridges under section 10 of the highway law (Laws 1890, p. 1179, c. 568, as amended by chapter 606, p. 408, Laws 1895, and chapter 84, p. 108, Laws 1899), the old bridges not having been destroyed or damaged except by natural wear. Livingston v. Stafford, 99 App. Div. 108, 91 N. Y. Supp. 172. The relator contends, however, that the respondents are estopped from denying liability. The affirmative rests upon it to establish facts constituting such estoppel. There is an absence of all the necessary elements of an estoppel. The town never received or used the relator's property. The contract does not recite any facts bringing it within section 10 of the highway law, and does not by its terms purport to be authorized by that law. It does not recite any determination by the town board or the commissioner that any such facts existed. No such determination was made. The relator does not allege that it believes such were the facts, or that it was misled as to the facts existing, or that it was ignorant of the exact situation. It may fairly be presumed that, before the relator undertook to erect these bridges at these different places along this brook, it caused the sites to be inspected, and knew the physical situation there existing. This is somewhat confirmed by the provision of the contract giving it the right to use the old bridges. We may, therefore, assume it knew the old bridges had not been destroyed by the elements or any emergency, and that it knew their actual condition. The meeting at which the bid of the relator was accepted was called to get prices for iron bridge stringers wanted on Sprague Brook road. The commissioner gave the dimensions of the stringers required, and the board adjourned until afternoon, and then bids were received from five bridge companies for building these new bridges, not for new stringers for the old bridges, and the relator's bid was accepted. It may be assumed that the relator knew the object for which the meeting was called, and the authority of the commissioners and the condition of the old bridges. It was chargeable with knowledge that the officials with whom it acted had no au-

thority to bind the town. Apparently it took its chances on the delivery being accepted and paid for. By notice the town board challenged the legality of the contract as not authorized by section 10 of the highway law. The relator did not respond to this challenge by showing any authority for the contract, or any facts constituting an estoppel. It is unnecessary to consider the other points relied upon by the respondents.

The writ should be dismissed, with $50 costs and disbursements, to be paid by the relator. All concur.