(133 App. Div. 617.)

JACOBS v. SIRE.

(Supreme Court, Appellate Division, First Department. July 13, 1909.)

1. LANDLORD AND TENANT (§ 63*)—ASSIGNMENT OF LEASE—TITLE OF ASSIGNOR—ESTOPPEL OF ASSIGNEE.

Where, at the time a lease was assigned, the assignor was in possession of the premises under a claim that he had an oral lease for one year which he had successfully established in dispossess proceedings by trustees of the owners, and the assignee obtained possession from him by virtue of the assignment and remained in possession during the balance of the term, he was estopped from questioning the assignor's title.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 172; Dec. Dig. § 63.*]

2. MONEY RECEIVED (§ 6*)—CONSIDERATION.

Where a person in possession of premises who had established his claim of an oral lease thereof in dispossess proceedings by trustees of the owners assigned his interest in the lease to another by assignment reciting

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the dispossess proceedings, and that they had resulted in an order determining that the assignor had an oral lease, and further reciting that the assignment was made without recourse as against the assignor, whether the order should be reversed or not, the assignment transferred only the possession of the property and the assignee's title in the alleged oral lease, and the assignee, having taken possession and held it for the term of the alleged oral lease, could not recover the consideration paid for the assignment as for money had and received, because on appeal it was held that the assignor had no lease.

[Ed. Note.—For other cases, see Money Received, Dec. Dig. § 6.*]

3. MONEY RECEIVED (§ 6*)—CONSIDERATION.
    Possession having been taken under the assignment of the alleged oral lease and the assignor's interest recognized, the fact that rent was paid the owner under another lease, and not under the one assigned, was immaterial as to the assignee's right to recover the consideration for the assignment after the decision that the assignor had no lease.

[Ed. Note.—For other cases, see Money Received, Dec. Dig. § 6.*]

4. INDEMNITY (§ 15*)—VALIDITY—RIGHT TO CONTEST.
    Where persons interested in the assignment of a lease agreed with the assignor to save him harmless from all liability at law or in equity by reason of his assignment, they could not question the legality of the assignment.

[Ed. Note.—For other cases, see Indemnity, Dec. Dig. § 15.*]

Appeal from Trial Term, New York County.
Action by Joseph W. Jacobs against Henry B. Sire. There was a directed verdict for plaintiff, and, from the judgment and an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Franklin Bien, for appellant.
I. Maurice Wormser, for respondent.

McLAUGHLIN, J. The defendant for some time prior to the 1st of May, 1902, was in possession, as assignee of a lease terminating upon that day, of certain premises in the city of New York, known as the Casino Theater. The owners, who were the executors and trustees of one Robert F. Bixby, deceased, had prior to the 1st of May, 1902, leased the same to Samuel S. & Lee Shubert for a term of five years from that date. The defendant refused to surrender possession to the Shuberts upon the ground that Bixby, prior to his death, had made an oral lease of the property to him for the term of one year from May 1, 1902. The owners thereupon instituted summary proceedings to dispossess him, but he succeeded in establishing the alleged oral lease, and a final order was made in his favor. Immediately following such determination, and on the 20th of May, 1902, the defendant assigned all his right, title, and interest in the oral lease to the plaintiff for a consideration of $20,000. The plaintiff was an employé of the Shuberts, who, in fact, paid the consideration and requested that the assignment be made nominally to him, and it seems to be conceded in this action that the Shuberts are the real parties in interest, the court having so charged without exception. The assignment to the plaintiff

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

recited the order which had been made in the dispossess proceedings and contained the provision:

"This assignment is made without recourse as against the said Henry B. Sire, whether said final order be reversed, or otherwise."

·On the same day the Shuberts entered into an agreement with the defendant, whereby they covenanted that they would save him harmless from all liability under his oral lease, and "from any and all liability either in law or in equity by reason of his assignment of said lease" to plaintiff, and also from liability to the Bixby estate in case the final order in the dispossess proceedings was reversed. The final order was reversed by the Appellate Term and a new trial ordered. The new trial resulted in an order dispossessing the defendant on the ground that he did not have an oral lease and was a holdover, but, on appeal, this order was also reversed and a new trial ordered. Thereafter the proceedings were abandoned; the year having expired. In the meantime the plaintiff had been in possession of the premises, and the Shuberts had paid the rent to the trustees of the Bixby estate. In April, 1904, the plaintiff commenced this action to recover the $20,000 paid for the assignment of the oral lease upon the ground that defendant, in fact, had no such lease, and that the money had been obtained through his fraud. The court submitted to the jury the single question:

"Did the defendant have an oral lease of the premises described in the complaint?"

To this it answered: "No." Thereupon, on plaintiff's motion, a general verdict was directed in his favor for $20,000 and interest, amounting in all to $26,280, and from the judgment entered thereon and an order denying a motion for a new trial defendant appeals.

The complaint clearly states a cause of action for fraud, and it is not claimed that fraud was proven. The respondent seeks, however, to sustain the judgment on the ground that the action was for money had and received, but, since the judgment must be reversed for another reason, it is unnecessary to determine whether or not it might under any circumstances be upheld on this ground. The evidence is undoubtedly sufficient to sustain the finding of the jury to the effect that the defendant did not have an oral lease of the property from the 1st of May, 1902, to the 1st of May, 1903. Notwithstanding this fact, the plaintiff was not entitled to recover. When the assignment was made, defendant was in possession of the premises under a claim that he had an oral lease for one year from the 1st of May, 1902, and he had then successfully established in the dispossess proceedings brought by the owners that he had a lease of the property for that period of time. The plaintiff obtained possession from him by virtue of the assignment, and remained in possession during the balance of the term. That being so, he is estopped from questioning defendant's title. Jackson v. Harper, 5 Wend. 246; Prevot v. Lawrence, 51 N. Y. 219; Territt v. Cowenhoven, 79 N. Y. 400; Tilyou v. Reynolds, 108 N. Y. 558, 15 N. E. 534. In the case last cited the plaintiff was in possession of certain lands under a lease from the commissioners of the town of Gravesend. The commissioners assumed to extend the lease for a further period of 10 years, and the plaintiff, being still in possession, ·

sublet a portion of them to the defendant, who went into possession and paid the rent for the first year, but refused to pay it for the second year. Plaintiff having brought an action to recover this rent, he set up as a defense that the extension of plaintiff's lease was void, and upon this ground sought also to recover the rent for the first year which he had paid. It was held that the defendant, having gone into possession as lessee of the plaintiff and remained in possession, could not repudiate his contract or question plaintiff's title, notwithstanding the fact that it had theretofore been judicially determined that the extension of the plaintiff's lease was void. Tilyou v. Town of Gravesend, 104 N. Y. 356, 10 N. E. 542. In the present case the defendant successfully resisted all attempts of the owners to evict him, and had at the time when the assignment was made an adjudication that he had an oral lease of the premises for one year. Under such circumstances the plaintiff cannot be permitted to repudiate his contract and recover the consideration paid.

I am also of the opinion that this same conclusion must be reached when the terms of the assignment are considered. The assignment recites that dispossess proceedings had been started against the defendant, and that the same had resulted in an order determining that he had an oral lease of the premises from May 1, 1902, to May 1, 1903, and then provides:

"This assignment is made without recourse as against the said Henry B. Sire, whether said final order be reversed or otherwise."

The legal effect of this instrument was therefore to transfer to the plaintiff the possession of the property and all the right, title, and interest of the defendant in the alleged oral lease. Even if it had subsequently been established that Sire had no lease, and he had been dispossessed, which was not done, the plaintiff could not recover the $20,000 paid to him as money had and received. By the terms of the assignment Sire agreed to surrender possession of the property and whatever rights he had therein. The plaintiff knew that Sire's lease was questioned, the proceedings being recited in the assignment itself, and he expressly agreed that the assignment should be without recourse against Sire, however the proceedings should result. Having obtained and remained in possession upon these terms, it is entirely immaterial, in fact, whether Sire had a valid lease or not. It is also immaterial that the Shuberts paid to the trustees of the Bixby estate the rent under their lease. If they claimed possession under that lease, they should have evicted Sire, instead of through the plaintiff, recognizing his interest, and thus acquiring possession. Moreover, so far as they are concerned, they are also not in a position to question the legality of the assignment because they covenanted they would save Sire harmless "from any and all liability, either in law or in equity, by reason of his assignment of said lease" to the plaintiff.

The judgment and order appealed from are therefore reversed, and a new trial ordered, with costs to appellant to abide event. All concur.