NEWTON E. FARNSWORTH, Respondent, *v.* BORO OIL AND GAS COMPANY, Appellant.

*Estoppel — gas company which has obtained consent of town board, on certain conditions, to lay pipes in streets estopped from denying validity of contract on ground of lack of power in town board to grant permission — parties — resident of town may enforce conditions.*

Defendant, a corporation organized under the Business Corporations Law to deal in natural gas, applied to and obtained consent of a town board to lay its conductors in the highways and streets, which was granted on certain conditions — among others, that the price charged for gas should not exceed a certain sum. After supplying gas to the inhabitants for several years it applied to the town board for permission to increase its charges, which was denied. It then made the increase, claiming that the board had no power to grant the permission in the first instance; that the application should have been made to the commissioners of highways (now the town superintendent of highways), and that the town board had power in such matters only when the company was incorporated under the Transportation Corporations Law for supplying manufactured gas. Upon examination of the statutes it appears that two corporations engaged in the same business — the sale of natural gas — and seeking a license to do the self-same thing, must go to the town superintendent of highways or to the town board according as they chance to be organized under the Business Corporations Law or the Transportation Corporations Law. In such circumstances the defendant will not be heard to say, while

retaining possession of the highway, that the consent under which it entered was valueless and void, but is estopped from denying the binding force of its agreement, and the estoppel can be taken advantage of by a resident of the town in an action to restrain the company from increasing its charges.

*Farnsworth* v. *Boro Oil & Gas Co.*, 155 App. Div. 79, affirmed.

(Argued May 4, 1915; decided September 28, 1915.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 29, 1913, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Ward J. Wilber* for appellant. The town board had no authority to grant the defendant any rights in the highway whatever. (L. 1889, ch. 422; *Wilson* v. *Tennant*, 61 App. Div. 100.) The clause in the resolutions of the town board restricting the price of gas to twenty-five cents per thousand cubic feet is wholly without consideration. (*Rochester Tel. Co.* v. *Ross*, 195 N. Y. 429.) The condition as to the price of gas being imposed without consideration there is no cause of action to inure to the benefit of the plaintiff. (*Lawrence* v. *Fox*, 20 N. Y. 268; *Pond* v. *New Rochelle Water Co.*, 183 N. Y. 330; *Smyth* v. *City of New York*, 203 N. Y. 106.) The defendant is not estopped from questioning the validity of the clause of the resolutions restricting the price of gas nor the right of the plaintiff to enforce it. (*Ackerman* v. *True*, 175 N. Y. 353; *Brown* v. *Bowen*, 30 N. Y. 519; *Brewster* v. *Striker*, 2 N. Y. 19; *Chatfield* v. *Simonson*, 92 N. Y. 209; *Sturm* v. *Boker*, 150 U. S. 312; *Matter of Sharp*, 56 N. Y. 257; *Bussing* v. *City of Mt. Vernon*, 198 N. Y. 202; *Veeder* v. *Mudgett*, 95 N. Y. 295; *M. L. Ins. Co.* v. *Corey*, 135 N. Y. 334; *People ex rel. U. C. Co.* v. *Voorhies*, 114 App. Div. 351.)

*Fred J. Blackmon* for respondent. The town board had authority to grant such consent. (L. 1909, ch. 219, §§ 60, 61; *Matter of Woolsey*, 95 N. Y. 135.) Even if the town board had no power to grant the franchise, the defendant is estopped from denying it. (1 Parsons on Cont. 359; *Vil. of Bolivar* v. *Bolivar Water Works Co.*, 62 App. Div. 484; *Beloit* v. *Heineman*, 128 Wis. 398; *M. T. & D. Co.* v. *Collins P. & R. R. Co.*, 101 Fed. Rep. 347; *People* v. *Suburban R. R. Co.*, 178 Ill. 594; *Rochester Tel. Co.* v. *Ross*, 125 App. Div. 76.)

CARDOZO, J. The plaintiff is a resident of the town of Collins, Erie county. He has sued the defendant to restrain it from charging more than twenty-five cents per thousand cubic feet for the gas which it supplies. The defendant is a domestic corporation. It was organized under the Business Corporations Law in 1899. It drills wells for natural gas, and sells and distributes the gas to inhabitants of the town of Collins. By a law passed in 1889 (L. 1889, ch. 422, section 2) such a corporation is authorized to lay its pipes in the highways of the state, "provided, however, that no pipe line for the purposes aforesaid shall be constructed across, along, or upon any public highway, without the consent of the commissioners of highways of the town in which such highway is located, upon such terms as may be agreed upon with such commissioners." That is the statute applicable to corporations organized under the Business Corporations Law to deal in natural gas (*Wilson* v. *Tennent*, 61 App. Div. 100; 179 N. Y. 546). Corporations dealing in manufactured gas are governed by another statute, the Transportation Corporations Law (L. 1890, ch. 566, as amended by L. 1900, ch. 575 and L. 1902, ch. 596; now embodied in L. 1909, ch. 219). Such corporations are required to obtain the consent of "the municipal authorities" of the city, village or town in which their pipes are to be laid (Transportation Corporations Law, sec. 61). The plaintiff argues, and the

defendant seems to concede, that the "municipal authorities" of a town are the members of the town board.   The statutes and the decisions sustain the concession (*Ghee v. Northern U. Gas Co.*, 158 N. Y. 510; *West S. E. Co.*, v. *Cons. Tel. & El. S. Co.*, 110 App. Div. 171; 187 N. Y. 58; *Palmer v. Larchmont El. Co.*, 158 N. Y. 231, 238; *People ex rel. W. G. L. Co.* v. *Deehan*, 153 N. Y. 528, 530; Town Law [L. 1909, ch. 63], secs. 2, 130, 210, 230, 260, 285, 310; see also: Highway Law [L. 1909, ch. 30]; Cons. Laws, ch. 25, secs. 48, 60, 61).   A corporation organized under the Transportation Corporations Law to manufacture and supply gas is not restricted, however, to the sale of manufactured gas.   It may deal in natural gas also (L. 1902, ch. 596; L. 1909, ch. 219, sec. 61).   We have thus a singular situation.   Corporations dealing in natural gas, but organized under the Transportation Corporations Law, are told to seek the consent of the municipal authorities, *i. e.*, the town board.   Corporations dealing in natural gas, but organized under the Business Corporations Law, are told to seek the consent of the commissioner of highways, now the town superintendent (Highway Law [L. 1909, ch. 30], sec. 43).

In this tangle of statutes the defendant made its application to the town board.   Fourteen years ago, in July, 1901, the members of the board gave their consent, which they coupled, however, with conditions.   Such conditions are not unlawful (*Dusenberry v. N. Y., W. & C. T. Co.*, 46 App. Div. 267; *Simons Sons Co. v. Md. Tel. & T. Co.*, 99 Md. 141; *Merc. T. & D. Co.* v. *Collins Park & B. R. Co.*, 101 Fed. Rep. 347).   The defendant was not to lay its conductors under the traveled parts of the highway, except to cross them, and was not to interfere with public travel; it was to replace all earth removed, and leave the highways in as good condition as before the conductors were laid; it was to keep the conductors in repair, and save the town harmless from all damage by reason of their location in the highways; and finally,

it was not to charge the inhabitants of the town using gas for fuel or lights or both a sum exceeding twenty-five cents per thousand cubic feet. The defendant assented to these conditions, laid its pipes, and delivered gas to consumers. Nearly seven years later, in January, 1908, it again applied to the town board for permission to lay additional pipes in other streets; the consent was granted upon the same conditions as before, and the defendant accepted in writing the terms imposed upon it. It lived up to those conditions until November, 1911. In the summer of that year it applied to the town board to modify the permit so as to allow a charge of thirty cents per thousand cubic feet. The request was refused. The defendant then gave notice to the board and also to its consumers that notwithstanding the conditions of the permit, it proposed to charge the increased rate. It has carried out its threat; and it now repudiates the conditions. It says that it did not need the permission of the town board. It says that what it should have obtained was the consent of the commissioner of highways. Because it requested and received the approval of the wrong officers, it says that its acceptance of the conditions must be held to count for nothing. It proposes to stay in the highways and charge whatever it pleases.

I think the defendant is estopped to deny the binding force of its agreement. It applied to the town board for permission to lay its pipes in the highways of the town, and it received the permission for which it prayed. The privilege may be one that the board was not competent to grant, but at least it believed itself competent, and the defendant shared that belief. There was a claim of right which the defendant extinguished for a price. The board asserted the power to regulate the use of the highway and to prevent the defendant's entry. The defendant yielded to the claim and purchased the coveted consent. It received the very benefit which it sought, the opportunity to lay its mains without molestation of its posses-

sion or question of its right.   It did not intend to occupy
the streets as a trespasser.   It intended to occupy them
under color of the right which the consent of the board
conferred.   Under color of that right it went into pos-
session, and it has retained that possession, undisturbed
and unchallenged, for nearly fourteen years.   If the high-
way commissioner had assailed the power of the board, and
evicted or even attempted to evict the defendant, a differ-
ent situation would be presented (*Towne* v. *Butterfield,*
97 Mass. 105; *Marlow* v. *Wiggins,* 4 Ad. & El. [N. S.]
367).   But nothing of the kind has happened.   In the
language of this court in *Tilyou* v. *Reynolds* (108 N. Y.
558, 566): "There has been no eviction, no disclaimer, no
acquiescence in another title, no claim by any other per-
son that a superior title was to be enforced or insisted
upon or even that one existed."

The argument is made that the town board had nothing
to do with the subject-matter of the attempted license,
that it had not even a colorable right to exclude the
defendant from the highway, and, hence, that its consent
was not the effective force that put the defendant in pos-
session.   But that view of the situation loses sight of
important elements.   The town board, as well as the town
superintendent, is charged by law with responsibilities in
respect of the general subject-matter involved in the defend-
ant's application for leave to lay its pipes.   If the defendant
had been organized under the Transportation Corporations
Law, the consent of the "municipal authorities" would
have been necessary.   Two corporations engaged in the
same business, the sale of natural gas, and seeking a
license to do the self-same thing, must go to the superin-
tendent or to the board according as they chance to be
organized under one law or under another.   The defend-
ant went to the board, and thereby held itself out as a
corporation within the board's jurisdiction.   The subject-
matter of the consent was one with which the board was
not incompetent to deal, and the consent, when granted,

conferred upon the defendant at least the color of right. Without that color of right, we may safely assume that it would never have been permitted without molestation to lay its conductors in the highways. No one knew this better than the defendant itself, or it would not have assented to the terms. The impulse that landed it in peaceable possession was the consent of the town board.

In such circumstances, the defendant will not be heard to say, while retaining possession of the highway, that the consent under which it entered was valueless and void. Its position is the same as that of a lessee who has gone into possession in submission to the title of the lessor. It is the same as that of a licensee who has acquired the right to manufacture under an outstanding, though defective, patent. The lessee will not be heard to say that the lessor had no title to convey (*Tilyou* v. *Reynolds, supra; Stott* v. *Rutherford,* 92 U. S. 107, 109), and this though the lease was not merely voidable, but void upon its face. The licensee will not be heard to say that the patent is a nullity (*Marston* v. *Swett,* 66 N. Y. 206; 82 N. Y. 526; *Hyatt* v. *Dale Tile Mfg. Co.,* 106 N. Y. 651; *Hyatt* v. *Ingalls,* 124 N. Y. 93; *Lawes* v. *Purser,* 6 Ell. & Bl. 932). It is not necessary to show that the strict relation of landlord and tenant exists between the parties. The rule of estoppel applies with equal force to a licensee in possession of land as against his licensor (*Doe* v. *Baytup,* 3 Ad. & El. 188), and to other relations (*Henderson* v. *Miller,* 53 Mich. 590; *Seymour* v. *Slide & Spur Gold Mines,* 153 U. S. 523; *Village of Bolivar* v. *Bolivar Water Co.,* 62 App. Div. 484). The franchise to occupy the highway comes by grant from the state, but the consent of the locality is necessary to make the franchise operative, and when the right is exercised, it is through and under the consent. The elements of an estoppel are thus present, whatever the source may be from which the franchise itself proceeds. " The foundation of the estoppel is the fact of the one obtaining possession and enjoying

possession by the permission of the other.  And so long as one has this enjoyment he is prevented by this rule of law from turning round and saying that his landlord has no right or title to keep him in possession " (*Tilyou* v. *Reynolds, supra,* at p. 563).  Some decisions have even extended the estoppel, in the absence of fraud or mistake, to cases where the tenant was already in possession at the making of the lease (*Prevot* v. *Lawrence,* 51 N. Y. 219; *Jones* v. *Reilly,* 174 N. Y. 97, 107; *Wallace* v. *Ocean Grove Camp Meeting Assn.,* 148 Fed. Repr. 672; *Willis* v. *Harrell,* 118 Ga. 906, 911; *Michigan C. R. R. Co.* v. *Bullard,* 120 Mich. 416).  The precise limits of the estoppel under such conditions, we need not now consider.  This defendant never had possession till it received the permission of the town, and never claimed the right to take possession except by force of that permission.  If one enters upon land in subordination to the right of another who asserts the power to exclude him, it is never an answer to say, while enjoying unchallenged occupancy, that the power of exclusion was unreal.  An analogous situation may help us to a conclusion.  The executors of a will believing, though erroneously, that they have power over the real estate, lease it to a tenant, who enters and holds possession with the acquiescence of heirs and devisees.  It does not seem probable that he would be suffered to question the executors' assumption of authority (*Hawes* v. *Shaw,* 100 Mass. 187; *Bailey* v. *Kilburn,* 10 Metc. 176).  The distinction is a narrow one between the case supposed and the case before us.  It is not needful, in order to make the estoppel effective, that the lessor should have enjoyed a *pedis possessio,* which he has yielded to the tenant, the licensor a like possession, which he has yielded to the licensee.  It is enough that he has asserted in good faith a present power and purpose of exclusion, which, in return for the covenants of the lease or license, he has been induced to abandon. A case in point is *Eastham* v. *Anderson* (119 Mass. 526).

A town sold a fishery for a term of years. The defendant enjoyed the fishery, and when sued for the price, defended on the ground that the fishery belonged, not to the town, but to some one else. The court held that "the defendant, having enjoyed the fishery by the permission of the plaintiffs, cannot be permitted, on this ground, to excuse himself from the payment of the stipulated rent." The plaintiffs there were not in possession of the fishery in any other sense than this town was in possession of the highway. In each case there was a claim of right; in each the claim was one that the defendant wished to extinguish; in each it gained through its promise the immunity that was its aim; and in each the entry, which was peaceable and unchallenged, would have been resisted and perhaps prevented if the consent had not been given. I think these facts are sufficient to establish an estoppel. When the defendant takes up its mains and vacates the highway, a court will listen with some tolerance to its plea that it has been there without right.

Some point is made that the protection of the estoppel must be restricted to the town itself, and does not extend to the plaintiff as a resident of the town. I think the settled rule in this state compels a contrary conclusion. There is no doubt that the inhabitants of a town may enforce a valid contract of this kind (*Pond* v. *New Rochelle Water Co.,* 183 N. Y. 330). It can make no difference in principle whether the contract is held valid by force of estoppel or for any other reason.

The judgment should be affirmed, with costs.

CHASE, J. (dissenting). I do not concur in the decision about to be made. The defendant is a domestic corporation created and organized under the Business Corporations Law of this state (See chapter 611, Laws of 1875, and chapter 422, Laws of 1889, supplemental thereto) in the year 1899.

On the 17th day of July, 1901, it applied to the town

board of the town of Collins for permission to lay and maintain pipes and conduits in specified streets and highways of said town for the purpose of conducting gas to prospective users thereof. The board adopted a resolution as follows:

".' *Resolved*, that the consent of the town board of the town of Collins be and the same is hereby given to the Boro Oil and Gas Company, a domestic corporation, to lay and maintain conductors for conducting natural gas for fuel and lights through the following streets and highways of said town viz. * * * upon the following conditions viz.: such conductors shall not be laid under the traveled part of such highways, except to cross the same and shall be so laid as not to interrupt or interfere with public travel upon such streets and highways; and this consent is also given upon the further condition that the company shall replace all earth removed and leave the streets and highways in all respects in as good condition as before the laying of such conductors, and that said company will keep said conductors in repair and save the town harmless from all damage by reason of their location in said streets and highways; and this consent is also given on the further condition, that the company or its assigns shall not charge the inhabitants of said town using gas for fuel or lights or both a sum exceeding twenty-five cents per thousand cubic feet."

About the time of the adoption of said resolution the defendant laid its pipes in said streets and highways and thereafter and ever since gas has been delivered by it to consumers in said town. On the 2d day of January, 1908, it applied to said town board for permission to lay pipes in other streets and highways in said town and permission was granted by resolution upon the same conditions as set forth in the resolution of July 17, 1901. Pipes were thereupon laid by the defendant in said other streets and highways. Gas was furnished to the inhabitants of said town at twenty-five cents per thousand cubic

feet until the first day of November, 1911, after which time the defendant has charged thirty cents per thousand cubic feet therefor.    This action was brought to recover the excess paid by the plaintiff over and above twenty-five cents per thousand cubic feet for gas consumed by him in November, 1911, and to restrain the defendant from charging the plaintiff more than twenty-five cents per thousand cubic feet for gas thereafter furnished to him by it.

It appears from the record that on May 9, 1908, said town board on the application of the Clear Creek Oil and Gas Company, a domestic corporation, which it is asserted and not denied is organized pursuant to the Transportation Corporations Law (Laws of 1890, chapter 566, now chap. 63 of the Consolidated Laws), and pursuant to section 61 of such Transportation Corporations Law, consented to its laying and maintaining conductors for conducting gas for fuel and lights, through any and all of the streets, lanes, alleys, squares and highways of said town of Collins, excepting a specified part thereof, upon condition that it should not charge the inhabitants of said town using said gas more than thirty cents per thousand cubic feet therefor.

After the resolution of the town board adopted on the application of the Clear Creek Oil and Gas Company the defendant made application to said town board to allow it to charge thirty cents per thousand cubic feet for gas furnished by it, which application was refused.    Thereupon the defendant gave notice that on and after November 1, 1911, it would charge thirty cents per thousand cubic feet for gas distributed by it.

Chapter 422 of the Laws of 1889, under which the defendant was incorporated, expressly provides that a corporation so organized "is authorized to dig and trench for, and lay their pipes along or under any of the public roads or highways, or through or under any of the waters within the limits of this state: provided the same

shall not be so done as to incommode the public use of said highways, or interrupt the navigation of said waters. *Provided, however, that no pipe line for the purpose aforesaid shall be constructed across, along or upon any public highway, without the consent of the commissioners of highways of the town in which such highway is located, upon such terms as may be agreed upon with such commissioners.   \*   \*   \*"* (Section 2.)

The town board had no authority to grant to the defendant a franchise. Neither was its assent required or potent for any purpose whatever. The franchise to the defendant came directly from the state, and not from the town. The authority given the defendant by the state (Laws of 1889, chapter 422) to dig, trench for and lay pipes along or under the public roads or highways of the state is conditioned upon the consent of the commissioner of highways (now town superintendent) of the town in which the highways are situated. Although the franchise came from the state the consent of the commissioner of highways was an essential prerequisite to the right of the defendant to occupy the highways. (*Matter of Application of Rochester E. R. Co.,* 123 N. Y. 351.) So far as appears the defendant is a trespasser in the streets and highways of said town.

The consent of the town board was, on its face, the consent of strangers, and a nullity. The statute gives the franchise. The only limitation thereon is the necessity for the assent of the commissioner of highways. The town had no authority in the premises. The persons constituting the town board are not a corporate body and they have no authority to represent the town or the inhabitants thereof, except as such authority is given by statute. No authority is given to the town board to represent the town or its inhabitants in the matter of laying pipes in the town highway.

The town superintendent of highways, subject to the rules and regulations of the commission, has the care and

superintendence of the highways and bridges in the town except as otherwise specially provided in relation to incorporated villages, cities and other localities. (Highway Law, sec. 47.) His duty requires that he shall keep them free from obstructions. (Highway Law, sec. 52. See *Cook* v. *Harris*, 61 N. Y. 448; *Van Wyck* v. *Lent*, 33 Hun, 301.) Towns in their corporate capacity have no duties to perform in respect to the care, superintendence or regulation of highways within their limits. (*People ex rel. Van Keuren* v. *Town Auditors*, 74 N. Y. 310.) The town superintendent of highways is not the agent of the town but an independent public officer with defined and limited powers. (*Lynch* v. *Town of Rhinebeck*, 210 N. Y. 101; *Matter of Application of Rochester E. R. Co.*, *supra*.)

In case of a trespass on a highway it is the duty of the town superintendent and not of the town board to "bring an action in the name of the town, against any person or corporation, to sustain the rights of the public, in and to any town highway in the town, and to enforce the performance of any duty enjoined upon any person or corporation in relation thereto, and to recover any damages sustained or suffered, or expenses incurred for such town, in consequence of any act or omission of any such person or corporation, in violation of any law or contract in relation to such highway." (Highway Law [Cons. Laws, ch. 25], sec. 73.)

The highway commissioners are vested with the general control over the public highways and they have a duty to perform toward the public in connection with their proper maintenance as such. (*Matter of Application of Rochester E. R. Co.*, *supra*.) The law is not materially changed so far as it affects the question now under consideration by the statutes of 1909. Nothing was obtained by the defendant or given by the town by the resolutions of the town board quoted. The defendant is not estopped, therefore, by any action or failure to act by the town board.

Where a corporation obtains some special rights by a resolution of a legislative body of a municipality the conditions connected therewith can be enforced although the franchise of the corporation proceeds from another source. (See *Rochester Tel. Co.* v. *Ross*, 125 App. Div. 76; *S. C.*, 195 N. Y. 429.) The defendant derived no benefit whatever from the consent of the town board and there was, therefore, no consideration whatever for the acceptance of the provisions of the resolution in regard to the price of gas in the town of Collins and the acceptance thereof by the defendant is not enforceable.

The provisions of subdivision 1 of section 61 of the Transportation Corporations Law (Consolidated Laws, chapter 63) were not intended as a grant to corporations formed for the purpose of boring, drilling, digging or mining for natural gas and vending the same to the customers thereof under the Business Corporations Law of 1875 as supplemented by chapter 422 of the Laws of 1889 under which the defendant was organized. (*Wilson* v. *Tennent*, 61 App. Div. 100; affd., 179 N. Y. 546.)

The defendant is not estopped from asserting its defense. The rule as between landlord and tenant and as between patentee and one contracting with a patentee is not applicable. Enjoyment by permission is the foundation of the rule that a tenant shall not be permitted to dispute the title of his landlord. Two conditions then are essential to the existence of the estoppel; *first*, possession; *secondly*, permission; when these conditions are present the estoppel arises. (Bigelow on Estoppel [6th ed.], 550.) All of the authorities called to our attention by the plaintiff in asserting an estoppel as against the defendant are based upon a continued enjoyment of property rights by permission.

It is said in the opinion in *Tilyou* v. *Reynolds* (108 N. Y. 558, 563) that "The foundation of the estoppel is the fact of the one obtaining possession and enjoying possession by the permission of the other. And so long as

one has this enjoyment he is prevented by this rule of law from turning round and saying his landlord has no right or title to keep him in possession." This was said in an action for rent. (See *Jacobs* v. *Sire*, 133 App. Div. 617.)

There is nothing in the resolution of the town board to give a basis for the plaintiff's asserted cause of action. The resolutions do not purport to confer a grant to the defendant. They do not assume to put him in possession of the town highways or promise anything on behalf of the town. They are on their face mere quitclaims. Neither the town nor the town board as a body or as individuals had at the time possession of the town highways, nor authority or control over them. The town had no authority, real or apparent, to give to the defendant possession of the highways. Its powers are limited. They are defined by statute, and one dealing with it is charged with notice of its limited powers. (*Wells* v. *Town of Salina*, 119 N. Y. 280, 287; *Morson* v. *Town of Gravesend*, 89 Hun, 52.) It appears affirmatively that the defendant did not obtain any rights in the highways or become entitled to the possession thereof by reason of the consent of the town board. The commissioner of highways was not a member of the town board or bound by its action. Nothing that the town or the town board did, or now refrains from doing, affects the defendant in its possession of the highways. The defendant is not, therefore, estopped by reason of anything that has been done by the town or the town board from repudiating the conditions named in the resolutions.

The defendant, prior to November 1, 1911, repudiated any claim of right in the highways by virtue of the resolutions of the town board, and the plaintiff, with knowledge of such repudiation, accepted gas from the defendant during the month of November knowing that the defendant intended to charge thirty cents per thousand cubic feet therefor. So far as appears from the record

the plaintiff was bound to pay therefor as demanded by the defendant. By the notice any claim of right under the resolutions was repudiated and terminated. The town superintendent of highways had called to his attention the defendant's use of the franchise from the state, and if it was using the franchise without his consent he should have immediately treated it as a trespasser. (Bigelow on Estoppel [6th ed.], 579.)

An estoppel must rest upon some act or admission on the part of the persons sought to be estopped which has been acted upon by the person invoking the estoppel. (*Ackerman* v. *True*, 175 N. Y. 353.) The only act or admission by the defendant which the plaintiff claims to have acted upon consists or grows out of its application to the town board for permission to lay its pipes in the town highways. Any admission growing out of such application is one of law as to the authority of the town board. It was mistaken in assuming that authority was vested in the town board. Such an admission on undisputed facts is not ground for an estoppel in this case. (*Brewster* v. *Striker*, 2 N. Y. 19, 41; *Matter of Sharp*, 56 N. Y. 257; *Bussing* v. *City of Mount Vernon*, 198 N. Y. 196, 202.) It was said by this court in *Veeder* v. *Mudgett* (95 N. Y. 295, 310) that "An act absolutely and wholly void, because, under the law, incapable of being performed, cannot be made valid by estoppel. This is true where under the law there is an entire lack of power to do the act which is brought in question."

In *People ex rel. United Construction Co.* v. *Voorhies* (114 App. Div. 351; affd., 187 N. Y. 539) it was held in certiorari proceedings to review the determination of a town board rejecting a claim against a town that although the highway commissioner had advertised for bids and contracted with the relator for five bridges with the consent of the town board and one of the bridges had been shipped, the relator could not sustain the appeal against the town because the statute did not give the town

board and the commissioner authority to contract for the bridges as the old bridges had not been destroyed or damaged except by natural wear.

In *Wright* v. *Glen Telephone Co.* (112 App. Div. 745, 747) an injunction to compel the defendant to furnish the plaintiff telephone services at a fixed rate was denied. It was held that the city did not have power to fix the telephone rates, and not having the power, the telephone company was not estopped from setting up the invalidity of the so-called franchise limiting the rates, and the court say: " If this be sound law the franchise can in no way be a contract binding upon the defendant as to compensation for service for lack of consideration. The defendant *cannot be estopped because it has complied so far with terms with which it was not required legally to comply.* No harm has been done this plaintiff or the municipality and I can see no element of estoppel in any act done by the defendant under the terms of the so-called franchise."

The defendant has not paid rent to the town nor in any manner other than by its said applications to the town board admitted that the town, as such, has authority or control over the town highways. Such admissions did not in any way prevent the commissioner of highways from performing his duty in the premises. At no time could the assent or refusal of the town board to the defendant's exercising its franchise from the state in any way affect its rights under such franchise or its exercise thereof in said highways.

The defendant would not be estopped in asserting its defense if the action had been brought by the town board in the name of the town. This action, however, is not brought by the town, but by one of the inhabitants thereof. In any event an inhabitant of the town under the circumstances narrated is not in privity with the town board so as to entitle him to maintain an action to enforce the conditions contained in said resolutions.

The defendant has the franchise from the state.   It is in possession of the highways of the town by consent of the town superintendent, or it is a trespasser therein and should be removed.

The judgment should be reversed, and a new trial granted, with costs to abide the event.

WILLARD BARTLETT, Ch. J., WERNER and SEABURY, JJ., concur with CARDOZO, J.; CHASE, J., reads dissenting opinion, and HOGAN, J., concurs.

Judgment affirmed.