NIAGARA & ERIE POWER CO. v. PUBLIC SERVICE COMMISSION, SECOND DIST.

(Supreme Court, Appellate Division, Third Department.   January 5, 1916.)

1. ELECTRICITY ⊙⇒9—ELECTRIC COMPANIES—CONDUCTORS—CONSENT OF PUBLIC AUTHORITIES.

Transportation Corporations Law (Consol. Laws, c. 63) § 61, subd. 2, provides that a corporation may erect poles, lay conduits, maintain wires, etc., in the public streets and places of a town with the consent of the municipal authorities thereof.   The plaintiff secured consent of the town board to construct its wires, poles, and conduits in the streets of the town.   It then petitioned the Public Service Commission for permission to construct its plant in the town, which was denied on the ground that it had not obtained consent of the town superintendent of highways to construct its lines.   Held, that the statutes contemplated securing consent from the town board, and that the action of the Commission was erroneous.

[Ed. Note.—For other cases, see Electricity, Cent. Dig. § 4; Dec. Dig. ⊙⇒9.]

2. COURTS ⊙⇒92—OPINIONS—OBITER DICTUM.

Although in deciding a case the court gives expression to obiter dictum, such expressions may be considered in a subsequent construction of the same statute.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 335; Dec. Dig. ⊙⇒92.]

Appeal from Public Service Commission.

Application by the Niagara & Erie Power Company to the Public Service Commission of the Second District, for permission to construct an electrical plant in the town of Portland, Chautauqua county.   Submission of controversy under section 1279 of the Code of Civil Procedure.   Appeal from an order denying the application.   Order annulled, and the matter remitted.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

Strebel, Corey, Tubbs & Beals, of Buffalo (Warren Tubbs, of Buffalo, of counsel), for plaintiff.

Ledyard P. Hale, of Albany, for defendant.

⊙⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

HOWARD, J. [1, 2] The Niagara & Erie Power Company is a domestic corporation organized under the Transportation Corporation Law, and, among other things, is engaged in generating and transmitting electricity. This corporation made application to the town board of Portland, Chautauqua county, for permission to construct and maintain a line of wires on poles or in conduits through the streets and public places of the town. This permission was granted. The company then petitioned the Public Service Commission for permission to construct its plant in the town. This was denied upon the sole ground that the company had not obtained the consent of the town superintendent of highways.

Subdivision 2 of section 61 of the Transportation Corporations Law provides that a corporation like this one may erect poles, lay conduits, maintain wires, etc., in the public streets and places of a town with the consent of the "municipal authorities" thereof; so that the question before us is, Who are the "municipal authorities" of a town within the meaning of this expression? What official or officials did the Legislature have in mind? It seems almost idle to reason about it, for the result of any course of reasoning is little better than a guess. The truth is, very likely, that the Legislature did not have any particular official or body in mind. It is simply one of those careless, indefinite expressions which so frequently creep into statutes. But it is not so important in this case to discover the legislative intent as to avoid a conflict of authority when applications like the one before us is made. It is desirable that the responsibility of granting or refusing applications for franchises of this nature in towns be definitely fixed and placed upon some specific body or official.

This question has never been directly passed upon by the courts, so far as we can discover, although there have been several obiter expressions pro and con. The latest, highest, and most authoritative expression is found in Farnsworth v. Boro Oil & Gas Co., 216 N. Y. 40, 109 N. E. 860. An examination of that case shows clearly that the Court of Appeals considered that the town board is the "municipal authorities" intended by the statute. We quote from the opinion:

"Such corporations are required to obtain the consent of 'the municipal authorities' of the city, village or town in which their pipes are to be laid. Transportation Corporations Law, § 61. The plaintiff argues, and the defendant seems to concede, that the 'municipal authorities' of a town are the members of the town board. The statutes and the decisions sustain the concession (citing cases). A corporation organized under the Transportation Corporations Law to manufacture and supply gas is not restricted, however, to the sale of manufactured gas. It may deal in natural gas also. Laws 1902, c. 596; Laws 1909, c. 219 [Consol. Laws, c. 63] § 61. We have thus a singular situation. Corporations dealing in natural gas, but organized under the Transportation Corporations Law, are told to seek the consent of the municipal authorities; i. e., the town board. Corporations dealing in natural gas, but organized under the Business Corporations Law [Consol. Laws, c. 4], are told to seek the consent of the commissioner of highways, now the town superintendent. Highway Law (Laws 1909, c. 30; Consol. Laws, c. 25) § 43."

In addition to this quotation, all through the opinion are expressions which indicate that it is the town board, not the commissioner of highways, which, as the Court of Appeals believes, constitutes the "munici-

pal authorities" within the meaning of the statute. In view of this opinion, no matter if it be obiter as to this subject, we feel that our decision should follow it; and therefore we hold that the Niagara & Erie Power Company, having procured the consent of the town board, did procure the consent of the proper "municipal authorities," and that the Public Service Commission improperly denied its application.

The order of the Public Service Commission should be annulled, and the matter remitted to the Commission for further action. All concur.