Per Curiam.
.‘í‘^!^Utí(K Y P~7~i~1Ih. f~ d1~ d~Mi~3~dnt~' re1atii~g~ a~iii~t~ ilie d~e~ni~ ~i1~ • uüHmamwH'fM. i¡Rdsmih1S-> (tJibrahám-iSwNyüoU wi4hiMmü<hháhe bfief-)',''for'respíóndentd.v.'n (Mi. --.1 miil í-m, mí giiíw/Esohjr-) '(fjiuda Fedéfal1 'tío'tíf4s( 465 eüjtiin1 i'nf íiiígeiheüt11 for£! !4i6 Y'ateb.Wdl'Bevi,eéS5 This action in the State court cdVeTsÁ ffééi8E'dtír2&^ iMhícFThe licensing’!agreement’ was' in -force:'- The’úñfrin'geínembnnitiifol- lowed a cancellation of the licensing agreement because, of faih n'refAfi.theScfihseesitOiipayfirOyaltiesvt ylwmfmiumu ■taomgbij L i« t The í defendants.! ¡ assetot < the.
invalidity - oh :ito vpafbjntsnim ¡both suits. .m.-H-ni noiiiifio m<¡ í iíü*n ---nnh mi-vh; hí vv rí bast abnl The Special Term granted a stay of this action
pending trial of the Federal suit, although it" found that the Federal action wonld nots.de:tei;iAine.nll of th;e¡ issues ¿n tbisiQaseniWiO W-niothat this was error. It has lon^ be^n,!(tlro. l.aw(,of ^this (S^ate .|hat a
licensee is estopped from „ chaüehging' the1‘validity of" k patent, until he merit ,(se,e -Zdf#:§SW Yy>,- r o^o^Qíil, %MM'*í3Púk%AP> *5- A.wML: (see Farmsworth v. Boro Oil & Gas Co. 216 N. Y. 40; Saltus v. Belford Co., 133 N. Y. 499; Hyatt v. Ingalls, 124 N. Y. 93, Marston v. Swett, 66 N. Y. 206).
In Tams-Witmark Music Library, Inc., v. New Opera Co. (298 N. Y. 163, 173) appear®«to ha‘vei,'b'é*en- unneties'SaPy;. tb’ -the' ""de'ciíéír0tt!;lin!Í áMSLW§tWcti!r']t *547 case,,(supm). ¡There- the court was, considering - the- rights of.a licensee under an expired copyright of an opera .’withiir the public- domain,.. The MacGregor and Katsinger. cases- (supra) hayCibeOh; construed] by lafp^Fpderub decision to be,.confined to SjfituabjDjas fipyolying, fprjce¡¡fixing;-os - ;othor ¡ restraints ¡¡of trade ‘(see Automatic Radio Mfg. Co. v. Hazeltine Research, 176 F. 2d 799, centiorari granted 338 U. S. 942).,,. In- such ,circnnir stances there may be a conflict between the public interest sought to be served by the Sherman Act and the doctrine of estoppel- aforesaid. TlieTattef ds re‘qtiiredi to-yield in favor of .&e,'puMiG‘policy>beMnd,dhe,''aiititrtiet.úaws/ In -the'absence of ÍWe-the license agreement .remaips .not,, (see Harley C. Loney Co. v. Perfect Equipment Corp. 178 F. 2d 165)
L pf, bslqppei,, is, js^s plcbr.bbatbhRie,, is p^goj^t „in( staying the present,¡action „nptil after b^í^Píí the Federal .suit. ..Whether such .estoppel exists on the.ti-iaLof this action in the State court.
hbiCiie; b\’^Ór¡ appeufed,^romj '^jqul^bp, reverse/!,, with. $20 costs ancl disbursements,.and the igotion deified. f 7, ,7'
¡.^Peo^,, B. J.. .Poke, Gos^r,,, G-M*fUAN .p.pd^.yAn^IIooK.His,,, ,J,J„ concur-..' , j,,,•!!.‘ '¡:,Y
Order unanimously reversed, with $20‘costs and.disbursements -tfii-bhG,appellants,¡apid-'ibé/imotioii: denied.., [See1277.-iA.ppi ,Biv. J75.7 ¡.Q-' a i,, - ¡i ¡I. ¡í ,1 e, 11. 7 i'.i!!',-Y v ! ---i <- - 'A ¡¡r,; ¡¡';',